## MACY et al. v. GOODWIN et al.

Section 21 of the Act of March, 1851, giving to copies of papers from the county recorder's office the like effect as evidence as originals, does not dispense with the production of the originals if they can be obtained; it merely fixes the value of the copy as evidence, when it is necessary to be introduced, from the loss of the original.

There is no attempt by this section to dispense with the rule, that the best evidence must be resorted to which the nature of the case will admit.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

This was an action to recover possession of two rooms in a building in Marysville. The complaint sets forth that the rooms had been held by R. S. Mesick as a tenant of the former owners; that the plaintiffs had purchased the property, and that Mesick had, with the consent of the plaintiffs, surrendered to him his lease; that previously the defendants had entered into the possession of the rooms in question by the consent of Mesick; that notice of the surrender of the lease and a demand of

possession had been served upon the defendants, but that they refused to deliver possession. On the trial before the Court below, a jury being waived, the plaintiffs, to sustain their action, offered in evidence certified copies from the county recorder's office of certain deeds and a power of attorney, forming part of their chain of title.

The defendants objected to the introduction, as secondary evidence, until the loss of the originals was proved. The objection was overruled and the copies admitted in evidence under the exception of defendants.

Parol evidence was subsequently introduced by plaintiffs to establish the facts necessary to a recovery, and intended to be proved by the introduction of the certified copies above mentioned. The sufficiency of this evidence not being passed upon, it need not be inserted.

The Court below gave judgment for plaintiffs. Defendants appealed.

*Goodwin & Wheeler*, Appellants, in person.

The Court erred at the trial in admitting copies of deeds and powers of attorney, as a means of proving title to the premises, without requiring respondents, plaintiffs below, to produce the originals, or in any manner to account for their absence.

Now it is a rule of evidence, too familiar to every lawyer to be even called in question, that primary evidence must be produced if possible; and when once the fact is established that such evidence—say an original paper—is in existence, or has been in existence, its loss or destruction must be proved before a copy can be received in evidence.

This is a fundamental rule of evidence, and is universal in its application, unless varied by a special statute.

Has our statute so varied the rule as to dispense with the proof of the original? Most certainly not. It has given "certified copies" the like effect as the originals.

But what is the effect of an original until it is proven?

In the case of Powell's Heirs v. Hendricks, 3 Cal., 427, Judge Heydenfeldt, in rendering the opinion of the Court, says, in speaking of this statute:

"It does not make the copy superior to the original so as to dispense with proof of execution."

Again: in the case of McCann v. Beach, 2 Cal., 30, Judge Murray holds the following language:

"It is a well settled rule that the best evidence of which the case is susceptible must be produced, and the failure to supply such evidence, unless accounted for, raises the presumption that there is something behind, which the party is unwilling to disclose."

And these decisions are no departure from the settled law, but are simply a clear and explicit confirmation of the well defined rules of evidence.

The reason of the rule is, that the original may be a forgery, or it may be full of erasures or interlineations, which require explanation, or it may have been canceled, released or satisfied, in all of which cases the adverse party have a right to its production in open Court.

And the law says it shall be produced or properly accounted for.

The statute, vol. 2, p. 204, § 21, gives certified copies, the like effect as the originals, etc., if produced. Here it stops. It does not say, *if produced and proved.*

But in vol. 7, Cal. Statutes, p. 140, § 2 gives certain transcribed records of Yuba county like effect as originals, etc., if presented and proved as required by law, clearly showing that when the Legislature meant to make a copy evidence, without further proof, it has said so in plain language.

But the deeds and power offered in this case do not come within the operation of the last named statute, as it is special in its character.

*Stephen J. Field* for Respondent.

As to the error assigned—in admitting copies of deeds and power of attorney, without first requiring the production of the originals or proof of their loss or destruction—the respondents say :

1. That those instruments were entirely immaterial to the decision of the case ; and

2. That being duly certified transcripts from the records of the recorder's office, of instruments properly executed and acknowledged, they were by the statute admissible in evidence without proof of the loss or destruction of the originals.

*First.* They were entirely immaterial to the decision of the case. The subsequent evidence of Eaton and Mesick rendered their admissibility of no consequence.

*Second.* But even if the instruments had been material to the decision of the case, there would have been no error in admitting the copies without accounting for the originals, because the copies were duly certified transcripts of instruments, properly acknowledged and duly recorded. The transcripts thus became by force of statute of equal admissibility as the original instruments. They had ceased to be secondary evidence. See Act concerning Conveyances, § 8 Compiled Laws, p. 514. See Act concerning County Recorders, § 21 ib., p. 844.

The case of Powell's Heirs *v.* Hendricks, 3 Cal., p. 430, is not in conflict with the above. There the paper offered was a copy from the records, but not of a instrument duly acknowledged. Of course the copy was inadmissible, because the original itself, if produced, could not have been used in evidence without proof of its execution, and to have allowed the copy to be received, would, as Judge Heydenfeldt remarks, have made the copy superior to the original. But if the original had been duly acknowledged, the certificate of such acknowledgment would have rendered it admissible, under the statute, without further proof. Act concerning Conveyances, § 29 Comp. Laws, p. 571.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

This case must be reversed on the authority of Beach *v.* McCann, 2 Cal., and the Executors of Folsom *v.* Scott at this term.

Section 21 of the Act of March, 1851, provides that copies of papers from the recorder's office shall be received with the like effect as evidence "as the originals could be if produced." This does not dispense with the production of the original if it can be obtained. It merely fixes the value as evidence of the copy, when from the loss of the original it is necessary to be introduced. There is no attempt by this section to dispense with the rule that the best evidence must be resorted to which the nature of the case will admit.

The counsel for respondents urges that these deeds and power of attorney, copies of which were given in evidence, were immaterial to the decision of the cause on account of the subsequent testimony of a witness. This may be so, but we cannot know it unless we had some mode of ascertaining whether the judge who tried the case gave as much weight to the one kind of evidence as to the other.

Judgment reversed, and cause remanded.