## P. B. READING v. MARGARET MULLEN.

DECLARATION AS SOLE TRADER UNDER ACT OF 1852.—The Act of 1852 relating to sole traders does not require that the declaration provided for therein should have an acknowledgment of any kind certified by the officer before whom it is taken. It is sufficient if the officer before whom it is made certify to the truth of the paper.

PUBLICATION OF DECLARATION AS SOLE TRADER.—It is not essential that a declaration as sole trader under the Act of 1852 be published.

PROOF THAT MARRIED WOMAN WAS SOLE TRADER.—The party seeking judgment on a note and mortgage executed by a married woman as sole trader under the Act of 1852, has cast on him the burden of proving that the defendant was a sole trader when she made the note and mortgage.

PROOF OF EXISTENCE OF DECLARATION AS SOLE TRADER.—A copy of a recorded declaration as sole trader under the Act of 1852, certified by the Recorder, does not prove either the existence or contents of the original.

APPEAL from the District Court, Ninth Judicial District, Shasta County.

Suit on four promissory notes for one thousand two hundred and nineteen dollars and sixty-five cents each, given October 13th, 1860, and to foreclose a mortgage given to secure the notes. Plaintiff averred in his complaint that June 28th, 1853, the defendant was a married woman and resided in Shasta County, and on that day made and acknowledged before a Justice of the Peace her declaration as sole trader, and that the same was recorded and published for four weeks, as required by the Act of 1852, and that on the 13th day of October, 1860, he sold her a tract of land, for which the notes were given, and upon which she then executed the mortgage. The complaint was not verified. The answer denied generally the allegations of the complaint. The plaintiff, to prove that the defendant was a sole trader, offered in evidence a copy of a recorded declaration of defendant as sole trader, acknowledged before a Justice of the Peace and certified by the Recorder. The following is the certificate of acknowledgment:

" On this 28th day of June, A. D. 1853, before me personally appeared the above named Margaret Mullen, who acknowl-

edged to me that the execution of the above named declaration, and that it was executed for the purposes therein specified.

" J. C. HINCKLEY,

" Justice of the Peace for the county and State aforesaid."

The defendant objected to the same being received in evidence because the loss of the original was not shown, and because it did not prove either the existence or contents of the original. The Court overruled the objections. The Court, under like objections, admitted in evidence an affidavit of a printer attached to a printed copy of the declaration, showing that it had been published three weeks in the " Shasta Courier," in July, 1863. No other evidence was introduced to show that defendant was a sole trader. Plaintiff recovered judgment, and defendant appealed.

*George Cadwalader*, for Appellant, argued that the Court erred in admitting in evidence the copy of the declaration from the Recorder's office, because the original was not produced, nor was its absence accounted for, and because the certificate of acknowledgment did not state that Margaret Mullen was personally known to the Justice, nor that she was proved to his satisfaction to be Margaret Mullen.

*R. T. Sprague*, for Respondent, cited *Camden v. Mullen*, 29 Cal. 564, and argued that the declaration as sole trader was not void by reason of the defective acknowledgment, because the Act of 1852 did not require a declaration as sole trader to be signed or formally acknowledged by the party making the same; and cited the second section of the Act; *Ingoldsby v. Juan*, 12 Cal. 577. He argued, also, that the certificate of the Justice showed that the acknowledgment was made before him, which was sufficient.

14

Opinion by SHAFTER, J. :

The Act of 1852 relating to sole traders does not require that the declaration provided for therein should be in writing, signed by the declarant ; but simply that the declaration shall be " made " before a Notary Public or other person authorized to take the acknowledgments of deeds. In the absence of all statute direction as to mode and manner, it follows that the declaration may be made to the officer either orally or in writing. If in writing, it is not made necessary that the instrument should be acknowledged in the way required by the Act relating to the rights of husband and wife for the acknowledgment of deeds made by her ; nor does the Act require an acknowledgment of any kind. The officer before whom the declaration is made or to whom it is exhibited, is neither required nor authorized expressly to do anything. It may be inferred, however, from the circumstance that the declaration is to be recorded in the office of the County Recorder, that it was the intention that the Notary or magistrate should reduce the declaration to writing if made orally, giving the name of the declarant, and that he should certify officially to the truth of the paper ; and if made in writing, then that a like certificate should be made upon or be appended to the document, covering the question of authenticity.

We do not consider it essential under the Act that the declaration should be published in order that a married woman may be enabled to do business in her own name.

These views dispose of the two principal objections urged by the defendant as grounds for reversal.

The burden of proving that the defendant was a sole trader at the time she executed the note and mortgage counted on was upon the plaintiff ; and to establish the fact it was necessary for him to prove first, that she made a declaration before a Notary or magistrate, as above explained ; second, that the declaration so made was duly recorded in the office of the County Recorder. For the purpose of proving both these

propositions of fact, the plaintiff offered in evidence a document certified by the Recorder and purporting to be a copy of a declaration made by the defendant before a Justice of the Peace on the 28th of June, 1853, with a view to become a sole trader. The document was objected to, but the objection was overruled and the defendant excepted.

The copy may have been admissible for the purpose of showing that a declaration had been recorded, but it was clearly inadmissible as primary evidence of either the existence or contents of an original. (*Macy* v. *Goodwin*, 6 Cal. 579; 2 Hitt. Dig. Art. 6,079; Acts 1857, p. 317.) Without undertaking to decide in advance as to the particular course the plaintiff should pursue in proving that the defendant was a sole trader, it may not be improper to suggest that the safer course would be to prove all the facts upon which the question depends, according to the course of the common law.

Judgment reversed and new trial ordered.

By the Court, RHODES, J.:

I concur in the judgment, and also in the opinion, except in so far as it holds that the declaration may be made orally before the officer. I think a fair construction of the statute requires the declaration to be made in writing.