· Shed, respondent, *v.* Blakely, appellant.

Husband and Wife — *Rights of husband's creditors to wife's property — Feme sole trader.*— Creditors of a husband, whose wife is carrying on business under the Montana sole trader's act, cannot seize the property belonging to such business in satisfaction of the husband's debts.

Same — *Declaration of sole trader — Kind of business to be transacted.* A declaration of a married woman which states that she intended to carry on the business, among other things, " of buying and selling property, real, personal and mixed,    .    .    .    and such other general business as will be advantageous," authorizes her to purchase and own a saw-mill and machinery.

SAME — *Certificate of declaration — Form of acknowledgment.* — A declaration, under the Montana sole trader's act, need not be acknowledged in the manner provided for the acknowledgment of conveyances.

*Appeal from First District, Gallatin County.*

LUCE & ARMSTRONG and J. L. STAATS, for the appellant.

VIVION & SHELTON, E. W. & J. K. TOOLE, and WM. WALLACE, Jr., for the respondent.

WADE, C. J. Creditors of a husband, whose wife has made her declaration under the statute as a sole trader, and is carrying on business in her own name and on her own account, cannot seize the money or property belonging to such business in satisfaction of the debts of the husband. The declaration, when properly recorded, is notice to the public not to trust the husband on account of the property used in the business of the wife as a sole trader. In order to impart such notice, the declaration must specifically set forth the nature of the business the wife intends to carry on and transact. Objection is made that the declaration under consideration is defective in this regard. The property seized by the judgment creditor of the husband was one sixteen horse power engine, one saw and shingle mill, and one boiler, and fixtures belonging thereto.

The wife's declaration as a sole trader contained the following designation and specification of the business she intended to carry on: "That said business to be carried on and transacted shall and will be farming and ranching; raising and dealing in stock, poultry, grain, vegetables and other products of the soil; and buying and selling property, real, personal and mixed; and keeping and maintaining an inn, hotel and boarding-house; and such other general business as will be advantageous or necessary in the maintenance of myself and those dependent upon me."

This declaration authorizes the wife to engage in the business of buying and selling property, "real, personal and mixed," in her own name and on her own account. It was

therefore lawful for her to purchase a saw-mill, engine, boiler and fixtures, the same as she might have bought a cow or horse for her farm, or provisions for her hotel. There is no limit to the kind of property she becomes entitled to purchase in her own name, and on her own account, by virtue of this declaration. It is not against the law or public policy for a married woman to purchase and own a saw-mill. Under this declaration she has the right to buy and sell any kind of property, and to engage in that business. The testimony shows that the respondent purchased the property in question with her own money, in her own name and on her own account. There is no fraud alleged or pretended. There is no pretense or claim that this property was purchased with the husband's money, or that the wife's declaration as a sole trader was used to cover up the property for the fraudulent purpose of protecting it from the debts of the husband. It is not claimed that credit was extended to the husband on account of this property, or that the declaration as sole trader has been used for any purpose except the lawful one therein named, of enabling the wife to support herself and those dependent upon her. No fraud being alleged, it was wholly incompetent and immaterial to inquire how the respondent used the saw-mill, or whether she used it at all or not.

The sole-trader act gives the right to a married woman to carry on business in her own name. Her right does not depend upon the consent of her husband. The statute does not require the declaration to be acknowledged in the manner provided for conveyances. It is not necessary that the declaration be in writing, but, if taken orally before the officer, he must make a certificate thereof for record. Our sole-trader act is, in substance, the same as that of California, and the supreme court of that state has decided that the declaration need not be acknowledged like a conveyance. In the case of *Reading* v. *Mullen*, 31 Cal. 104, that court says: "The act of 1852, relating to sole traders, does not require that the declaration provided for

therein should be in writing, signed by the declarant, but simply that the declaration shall be made before a notary public, or other person authorized to take the acknowledgments of deeds. In the absence of all statutory direction as to mode and manner, it follows that the declaration may be made to the officer either orally or in writing. If in writing, it is not made necessary that the instrument should be acknowledged in the way required by the act relating to the rights of husband and wife for the acknowledgment of deeds made by her, nor does the act require an acknowledgment of any kind. The officer before whom the declaration is made, or to whom it is exhibited, is neither required nor authorized expressly to do anything. It may be inferred, however, from the circumstance that the declaration is to be recorded in the office of the county recorder, that it was the intention that the notary or magistrate should reduce the declaration to writing, if made orally, giving the name of the declarant, and that he should certify officially to the truth of the paper; and, if made in writing, then that a like certificate should be made upon, or be appended to, the document, covering the question of authenticity."

We think this the correct interpretation of the statute. It follows, therefore, that the objection to the declaration that it was not acknowledged in the manner provided for the acknowledgment of conveyances, and thereby that it did not become entitled to record, was not well taken. Undoubtedly the same rule would obtain as to sole-trader declarations as is applied to the separate property list of married women; and, as to such list, we held in the case of *Griswold* v. *Boley*, 1 Mont. 545, that it became entitled to record, when in the form of a bill of sale, without any acknowledgment at all.

The judgment is affirmed, with costs.