FANT, appellant, *v.* TANDY ET AL., respondents.

APPEAL. — *The statement on a motion for a new trial must be in proper form to bring up the evidence on appeal.* — There was nothing in the transcript to show where the statement on the motion for a new trial began, or what papers were included therein. The evidence presented appears to have been a mere copy of the stenographer's notes of the same, without any condensation or authentication. *Held,* that a mere transcript of the stenographer's notes of the evidence cannot be regarded as a statement on a motion for a new trial, or a statement on appeal; and that the evidence must be reduced to narrative form, with all irrelevant matter eliminated, and included in a statement, allowed and signed by the court as such, to entitle it to consideration under section 438, division 1, Compiled Statutes of Montana. *Griswold* v. *Boley,* 1 Mont. 545, and *Raymond* v. *Thexton, ante,* p. 313, and *Montana R'y Co.* v. *Warren,* 6 Mont. 275, cited.

ID. — *The written opinion of the trial court will not be taken in lieu of proper findings of fact and conclusions of law.* — The opinion delivered by the trial court constituted a part of the record, and a note pasted over some other note or memorandum therein, rendering the latter illegible, recited that the opinion was by order of court to be taken as the findings of fact and conclusions of law of the lower court. *Held,* that under section 438 aforesaid, such an opinion is merely made a part of the record to aid the supreme court in a determination of the issues, and that said statute does not contemplate that it shall be taken in lieu of a proper finding of facts and conclusions of law.

ID. — *A transcript must comply with the rules of the supreme court.* — The record was made out in a slovenly manner, violating rule 6 of the supreme court, which provides how the pages thereof shall be fastened, and had an order pasted thereon over another order or memorandum, which was rendered illegible. *Held,* that the transcript should not have been filed by the clerk of the supreme court under rule 9 of the court, which forbids his filing a transcript unless it complies with the requirements of the rules. *Held, also,* that the said order, presented as it was, could not be regarded as a part of the transcript under the rules of the court and section 523, division 1, Compiled Statutes of Montana.

*Appeal from District Court, Lewis and Clarke County.*

WADE, TOOLE, & WALLACE, for the appellants.

The grant to the Northern Pacific company does not convey to the company any mineral lands. Section 3 of the act incorporating the company provides that all mineral lands be and the same are excluded from the operation of the act. 13 U. S. Stats. 364. The exterior boundaries of the grant to the company were determined by locating the general route of the road. *Northern Pacific R. R. Co.* v. *Lilly,* 6 Mont. 65. But the grant does not attach to the appropriate sections until it has been ascertained what lands are mineral and what are non-mineral, within the boundaries of the grant. No patent having issued to the company for the lands in controversy, and therefore its mineral or non-mineral character never having been determined, no title passed to the grantee of the company, provided said lands are mineral lands within the meaning of the statutes. The only question of fact at the trial was whether the lands in dispute were mineral or non-mineral, and the court seems to have determined that the lands in controversy were not mineral lands, because, in the opinion of the court, it would cost more to extract the gold from the land than its value when extracted. The court further finds, as a fact, that the expense of getting the gold out of this ground will be more than the value of the gold obtained. The court, in finding that

this ground did not contain valuable mineral deposits, applied the evidence to a theory that the law does not warrant or justify. The expense of working the ground for gold has nothing to do in determining its mineral character. The intention of Congress is clearly portrayed by an act passed after making this grant, the thirtieth day of January, 1865. See U. S. Rev. Stats., sec. 2346.

TURNER & SHELTON, for the respondent.

While we insist that the weight of the testimony is clearly with the respondent, still a new trial will not be granted if there is some testimony to support the verdict, although there may be a preponderance of evidence against it. *Lincoln* v. *Rodgers*, 1 Mont. 217; *Toombs* v. *Hornbuckle*, 1 Mont. 289; *Travis* v. *McCormick*, 1 Mont. 347; *Davis* v. *Blume*, 1 Mont. 463; *Griswold* v. *Boley*, 1 Mont. 545; *Sanders* v. *Farwell*, 1 Mont. 599; *Story* v. *Black*, 5 Mont. 41; *Francisco* v. *Benepe*, 6 Mont. 245; *Beck* v. *Beck*, 6 Mont. 285. The grant was a present grant to the railroad company, which took effect by relation July 2, 1864, when the line of the road was definitely fixed, and a plat thereof filed. *Northern Pacific R. R. Co.* v. *Lilly*, 6 Mont. 65, cited by appellants; *Buttz* v. *Northern Pacific R. R. Co.*, 119 U. S. 66. Nothing else was to be done except for the government to issue patents for the land, and patent is not necessary to vest title in the railroad company, but merely to confirm the title previously granted. *Wilcox* v. *Jackson*, 13 Pet. 516. There is nothing inconsistent with this doctrine in *Northern Pacific R. R. Co.* v. *Traill County*, 115 U. S. 610. The railroad company, prior to the claim of the defendants, did all that it could so far as the granting act required, and when the report of the commissioners was made to the President, the same effect should be given to that report that has been given by the courts

to a certificate of purchase. Granting Act, sec. 4; *Pacific Coast M. & M. Co.* v. *Spargo,* 8 Saw. 645, and cases there cited; *Crowell* v. *Lammers,* 3 West Coast Rep. 504, *per* Sawyer, C. J.; 21 Fed. Rep. 200. There was but one point in issue in this case, viz., whether the land is mineral, within the meaning of section 2319 of the Revised Statutes of the United States. The findings upon this issue are that the land is not mineral. It was incumbent upon appellants to show that the land contained valuable mineral deposits. They have not done this. It does not appear that the land contains valuable mineral deposits, and it comes squarely within the rule laid down in the cases relied on by respondents at the trial. *Alford* v. *Barnum,* 45 Cal. 482; *Merritt* v. *Decon,* 15 Nev. 401; *Deffeback* v. *Hawke,* 115 U. S. 404.

McLEARY, J. This controversy arose in the United States land-office at Helena, by the application of Tandy and others for a patent to the land in dispute as a placer mining claim. This application was adverse to Fant, and under the United States statute, this suit was brought to determine the question whether or not the mineral patent should issue. The case was tried before the court without a jury, and on findings of fact and conclusions of law made by the court, judgment was rendered in favor of the plaintiff, from which this appeal was taken. The court, in rendering judgment, also delivered an oral opinion, which was taken down by the stenographer, written out, and filed among the papers of this case, and is made a part of the record herein, in accordance with the statute. There was a motion for a new trial made and overruled, from which order only this appeal is taken. There is nothing in the transcript to show where the statement begins, or what papers are included therein. One hundred and sixteen pages of the transcript are covered with questions and answers to and

by the witnesses who were supposed to have testified in the case. It may be possible that this is a transcript of the stenographer's notes taken in the case, but there is nothing in the record to show this. It has been repeatedly decided by this court that the mere transcript of the stenographer's notes, giving the questions and answers propounded to and made by the witnesses, cannot be regarded as a statement on motion for new trial, or a statement on appeal; and evidence presented to this court in such a manner will be disregarded. It is not the business of this court to wade through over one hundred pages of questions and answers, composed largely of irrelevant matter, to ascertain what are the material points presented in the evidence. In making up a statement, it is the duty of counsel to condense the testimony of witnesses into narrative form, omitting all irrelevant matter, and presenting only so much of the evidence as bears upon the points in controversy on appeal. Then, after notice and amendments by the opposite party, the same should be approved and allowed by the court, and signed as such, and appear in the transcript as a statement, either on a motion for a new trial, or on appeal. Unless this is done, the appellate court must be confined in the consideration of the case, where the appeal is taken from the judgment, to the judgment roll alone. Sec. 438, div. 1, Comp. Stats. Mont. 178. For these reasons, the evidence introduced in this case cannot be considered by this court in the manner in which it is presented. *Raymond* v. *Thexton, ante,* p. 313; *Griswold* v. *Boley,* 1 Mont. 545; *Montana R'y Co.* v. *Warren,* 6 Mont. 275.

This transcript is made out in a very slovenly manner, and entirely disregards rule 6, and should not have been filed by the clerk, as he is forbidden to file such a transcript by the ninth rule of this court. Some stress is laid by the appellant on the fact that the opinion of the

court delivered in the case was, by order of the court, to be taken as findings of fact and conclusions of law therein. A note to that effect is inserted in the transcript, on page 123, by being pasted over some other note or memorandum, which is thereby rendered illegible. Such a mutilation of the transcript, whether it was done under the authority of the district clerk or not, should not be tolerated. We cannot regard this order, presented in this manner, as properly a part of the transcript in this case. Rules Sup. Ct., *in extenso;* Comp. Stats. Mont., sec. 523, p. 198. But it is not the intention of the statute that the written opinion of the district court, placed on file in the case, shall be taken in lieu of findings of fact and conclusions of law. It is merely made a part of the record to aid this court in the determination of the issues involved. Comp. Stats. Mont., div. 1, sec. 438.

A very interesting question was considered in the court below, which is not before this court for consideration; and that is, at what time must it be determined whether or not the lands embraced within the Northern Pacific Railroad grant are mineral or agricultural in their character? or in other words, is this question open until the patent issues to the railroad company, or not? The district court held that the matter could be inquired into by an adverse claimant at any time prior to the issuance of the patent to the railroad company; but as the decision of this question was in favor of the appellant, it has not been brought here for review. No appeal from the judgment having been taken, and the evidence not being properly incorporated into the statement on motion for new trial, there is nothing left for this court to consider.

In order to enable this court to consider cases tried in the district courts, and to reverse the judgment in case error is found therein, it is absolutely necessary that the

record should be presented in accordance with the statutes and the rules of court. There being no error in the record as properly presented here, the judgment of the court below must be affirmed.

*Judgment affirmed.*

GALBRAITH, J., and BACH, J., concur.