## BARGER, Respondent, *v.* HALFORD, Appellant.

APPEAL— *Contents of statement — Record.* — Where the evidence contained in a statement on appeal is a transcript of the stenographer's notes by question and answer, the record will not be considered on appeal, and it will be presumed that the evidence supports the findings. (*Newell* v. *Meyendorff*, 9 Mont. 254; 18 Am. St. Rep. 746, cited.)

MARRIED WOMEN— *Sole Trader's Act.* —The property of a married woman, who has availed herself of the provisions of the Sole Trader's Act, is exempt from seizure by her husband's creditors, though no list of separate property may have been filed. (*Shed* v. *Blakely*, 6 Mont. 247, affirmed.)

*Appeal from Fifth Judicial District, Jefferson County.*

Judgment in replevin was rendered for plaintiff below by GALBRAITH, J.

Statement of facts, prepared by the judge delivering the opinion.

It appears from the pleadings that plaintiff was a married woman. On July 8, 1889, she filed in the proper office a declaration of her intention to do business as a sole trader. The law is found in sections 1433–1438, division 5, Compiled Statutes. On October 16, 1889, plaintiff was the owner and in possession of certain personal property, described by schedule. Defendant, sheriff of Jefferson County, on that day seized such property on writs of attachment against the property of the plaintiff's husband, claiming the same as that of the husband. Plaintiff brings her action of replevin. The case was tried to the court without a jury, and judgment rendered in favor of plaintiff, from which defendant appeals. The findings and conclusions of the court may be briefly stated as follows: Plaintiff had complied with the law (§§ 1433–1438, div. 5, Comp. Stats.), and thereby became a sole trader. The attachments were against her husband, and not her. At the time of the seizure plaintiff was the *bona fide* owner of the property. No fraud or collusion is raised in the case. Plaintiff being a sole trader had the right to invest her income in the property mentioned, or otherwise, and the said Sole Trader's Act protects such investment. The court then finds the amount of damages, and orders judgment in replevin with damages. But one contention has been made by counsel. Appellant insists that plaintiff's property as a married woman was not protected from her husband's creditors by the Sole Trader's Act; but that she should have further filed a list of separate property, as provided in section 1432, division 5, of the Compiled Statutes.

*Cowan & Parker,* for Appellant.

The common law is in force in the State of Montana when not abrogated by statute. (§ 201, fifth div. Comp. Stats.) The statute law concerning separate property of married women is in derogation of the common law, and the directions of the statute must be strictly pursued before its benefits will accrue. The "list" of such property must be filed with the recorder of the county where such married woman resides, before the exemption of her husband's debts can be claimed or enforced. (§ 1432, fifth div. Comp. Stats.) Such list was not filed by respondent before levy of attachment by appellant, hence she

cannot avail herself of the benefits of the statute. The object of the law is twofold. *First.* To give notice to creditors of the husband that the rights and benefits of the statute will be invoked and not waived. *Second.* Notice to such creditors of what property is the separate property of the wife, as contradistinguished from the separate property of the husband, or the community property of both. (*Herman* v. *Jeffries,* 4 Mont. 513.) Section 1435 of the Compiled Statutes in relation to sole traders does not obviate the necessity of filing such list; and particularly is this true in its application to such of the separate property of the wife not absolutely used in, or pertaining to, the conduct of the sole trader business. (*Shed* v. *Blakely,* 6 Mont. 247.)

*W. L. Hay* and *George D. Greene,* for Respondent.

The laws of Montana in relation to married women are not in derogation of the common law, but simply declare the former equitable rights of married women to be legal rights upon the performance of certain conditions; such statutes are beneficial in their effects and should be liberally construed. (Bishop on Written Laws, § 192; *Devries* v. *Conklin,* 22 Mich. 255; *Corn Exch. Ins. Co.* v. *Babcock,* 42 N. Y. 613; 1 Am. Rep. 601; *Manton* v. *Tyler,* 4 Mont. 364.) It is claimed that sections 1432 and 1434, page 1044 of the Compiled Statutes of Montana, should be construed together, and that a sole trader's property is not protected until she shall have filed her list of separate property with the county recorder. The contrary is clearly held in the case of *Shed* v. *Blakely,* 6 Mont. 247. Prior to the passage of the Act approved March 3, 1887, there seems to have been two distinct and independent methods prescribed by the statutes to enable a married woman to hold personal property: *First.* When she desired to have it protected from any liability for her husband's debts, by filing a list of such property with the county recorder. *Second.* When she desired to engage in some business, then by making and recording her declaration of intention to do such business, after which, "the property, revenue, money, and debts and credits, shall belong exclusively to" her. (*Manton* v. *Tyler,* 4 Mont. 365.) Section 1439 of the Act approved March 3, 1887, is sweeping in its

terms, and gives a married woman "the same legal existence and legal personality after marriage as before marriage." Does not that section, followed as it is by another section (1445) relieving a husband from all liability for a wife's debts or a judgment against her, obviate the necessity of either recording a list of property or a declaration of intention to do business as a sole trader? It is a beneficial statute, and should be construed so as to give effect to all its provisions, and being the later statute repeals all prior conflicting laws. The evidence in the case at bar being a literal copy of the stenographer's notes will be disregarded by the court. (*Raymond* v. *Thexton,* 7 Mont. 299; *Montana Ry. Co.* v. *Warren,* 6 Mont. 275.)

DE WITT, J.—The evidence in the statement on appeal is objected to as a transcript of the stenographer's notes by question and answer, and no reason is given why it is in that condition. Such a record we will not consider. (*Newell* v. *Meyendorff,* 9 Mont. 254; 18 Am. St. Rep. 746, and cases there collated.) The findings will therefore be presumed to be supported by the evidence. Whether the Married Woman's Emancipation Act, March 3, 1887, does away with the necessity for her to comply with the Sole Trader's or Separate Property Act, we are not now called upon to decide. This plaintiff did avail herself of the Sole Trader's Act. As to the question of law that the plaintiff's property was protected from her husband's creditors by virtue of her invoking the Sole Trader's Act, without relying upon the Separate Property Act, that is not an open proposition in this court. *Shed* v. *Blakely,* 6 Mont. 247, is conclusive, and on that authority this judgment is affirmed.

BLAKE, C. J., and HARWOOD, J., concur.