Hon. EDGAR N. HARWOOD, } Associate Justices.
Hon. WILLIAM H. DE WITT, }

13 123
16 116

RODONI, RESPONDENT *v.* LYTLE, APPELLANT.

[Argued November 2, 1892. Decided March 13, 1893.]

APPEAL — *Sufficiency of record to review evidence and instructions.* — Neither sufficiency of the evidence to support a verdict nor objections to instructions will be considered on appeal where the statement on motion for a new trial contains the evidence in the form of a transcript of the stenographer's notes by question and answer, with no attempt to reduce it to narrative form or omit immaterial matter.

SALES OF PERSONAL PROPERTY — *Bill of sale as evidence.* — In an action against a constable for conversion of personal property taken by him under an attachment against plaintiff's vendor, a written bill of sale from such vendor to plaintiff, although alone it may not have fully proved the sale and delivery was competent evidence, tending, as far as it went, to prove a sale, and was therefore admissible.

*Appeal from Second Judicial District, Silver Bow County.*

Conversion. The cause was tried before McHATTON, J. Plaintiff had judgment below. Affirmed.

( 123 )

Statement of facts, prepared by the judge delivering the opinion.

This action is for damages for the alleged conversion of personal property. The plaintiff claimed to own the property by purchase from Brennan and Company. The defendant was a constable, and attempted to allege and prove that he took the property lawfully, by virtue of a writ of attachment in a case in which Williams and Saville were plaintiffs, and said Brennan and Company were defendants; that is to say, plaintiff claimed a valid sale and delivery from Brennan and Company to him, and defendant claims that such sale was not valid, as against Williams and Saville, attaching creditors of Brennan and Company. Verdict and judgment were for plaintiff. Defendant's motion for a new trial was denied. From this order, and the judgment, defendant appeals.

*Thompson Campbell*, for Appellant.

*Charles O'Donnell*, for Respondent.

DE WITT, J.— The statement on motion for new trial contains the evidence, in the form of a full transcript of the stenographer's notes, by question and answer. There was no attempt made to reduce the evidence to narrative form, and to leave out immaterial and redundant matter. This disregard of the practice of this court has been so often passed upon that the bar are thoroughly familiar with our views. (*Montana Ry. Co.* v. *Warren*, 6 Mont. 275; *Fant* v. *Tandy*, 7 Mont. 443; *Sherman* v. *Higgins*, 7 Mont. 479; *Raymond* v. *Thexton*, 7 Mont. 299; *Barger* v. *Halford*, 10 Mont. 57.) Furthermore, the appellant, in presenting his statement for a settlement, was admonished by the district court judge as to its condition; for the judge settled the statement in the following language: "The foregoing statement on motion for new trial is correct, and is signed, settled, and allowed this twenty-ninth day of July, 1892, without approval of form. John J. McHatton, Judge." We feel that we must abide by these decisions, and in accordance therewith, disregard the evidence. This removes from consideration appellant's contention that the verdict is not supported by the evidence. It also removes from consideration the objections to the instructions, because, without reviewing the

evidence, we are not informed what application the instructions had thereto.

There are some other specifications of error, in regard to which, perhaps, the record is sufficient to present them for our consideration. One is as follows: The plaintiff offered a bill of sale from Brennan and Company to plaintiff. The defendant objected to the bill of sale that it was not evidence of the purchase or sale of the property, or of the delivery and sale of the property. It may have been that the bill of sale alone did not fully prove the sale and delivery of the personal property; but it certainly cannot be contended that the written bill of sale, executed by the parties, was not properly a part of the evidence of the sale, tending, as far as it went, to prove the sale.

There are some other points raised in the specifications, which we have examined, and which have even less merit than this one just noticed, and which it does not seem necessary to treat. There is also an appeal from the judgment, but the appellant has not suggested any infirmities in the judgment, apparent upon the judgment-roll, and we have not been able to discover any reason why the pleadings do not sustain the judgment. Let the judgment and order denying new trial be affirmed.

*Affirmed.*

PEMBERTON, C. J., and HARWOOD, J., concur.