## FIELDS *v.* THE TERRITORY OF WYOMING.

INDICTMENT—PROOF.—It is immaterial what date is alleged in an indictment as the day on which a crime was committed, provided such day be prior to the finding of the indictment and within the time prescribed by the statute of limitations.

IDEM.—But the rule as to proof under an indictment is not so liberal as it must be confined to a given crime and to a given time.

IDEM.—The prosecution on a trial under an indictment so drawn that it might cover a dozen different offenses of the same nature, after examining the first witness as to one offense on a day certain, must confine its proof to that particular offense, and the admission by the court of evidence tending to prove other offenses is error.

IDEM.—Evidence of a distinct substantive offense cannot be admitted to aid in proving the commission of another offense.

ERROR to the District Court for Laramie County.

The statement of this case is fully set forth in the opinion.

*I. W. Cook,* for the territory, cited: 2 Park. C. R. 583; 1 N. Y. Dig. 838; 1 Whar. Crim. Law, secs. 599, 600, 631–635.

*W. W. Corlett,* for plaintiff in error, cited: 1 Whar. Crim. Law, 647–652; 2 Cush. 590; 2 Park. C. R. 583; 3 Id. 681; 1 Greenl. on Ev. sec. 53; 2 Gray, 354; 21 Pick. 515.

By the Court, CAREY, J. The defendant was indicted at the November term, 1871, of the district court, first judicial

district, under chap. 27, statutes 1869, section 8, for the crime of permitting a certain game of chance to be played in a house under his control, for money, etc. The indictment alleges that the defendant "on the first day of January, in the year of our Lord one thousand eight hundred and seventy-two, and on divers other days and times before and since that day, at the county aforesaid, county of Laramie, unlawfully did keep and deal, and permit to be kept and dealt in a building under his control, a certain game of chance played with cards for money and other representatives of value, commonly called and known as 'poker,' contrary to the form of the statute," etc.

At the same term of the district court, the defendant was arraigned on said indictment and plead not guilty, and trial was had by jury, and a verdict of guilty rendered. Before judgment, the defendant, by his counsel, made a motion to set aside the verdict of the jury, and that the court grant a new trial. The motion, after argument, was overruled by the court. The reasons assigned in the motion for a new trial, are virtually the same as those set forth in the petition in error, which are as follows, to wit:

1. That the district court erred in admitting certain testimony offered by the prosecution and objected to by the defendant.

2. That the district court erred in its instructions to the jury, and in refusing to give certain instructions requested on the part of the defendant.

3. That the district court erred in overruling the motion of the defendant to set aside the verdict of the jury and grant a new trial.

The section of the statute under which the indictment was found, provides that certain games may be licensed; but the game of poker is not included among these, and consequently the game of poker, as alleged in the indictment, falls under that clause of the section which provides that "any person or persons who shall keep or deal, or permit to be kept or dealt in any building or place under his or

their control, any other banking or other game of chance for money, or other representation of value, played with cards, shall be deemed guilty of a misdemeanor," etc. That which constitutes the misdemeanor under this section is not the keeping of a gaming house, but the keeping and dealing, or permitting to be kept or dealt, any game of chance with cards for money, etc., in any building or place under one's control, which game is not authorized to be licensed by the statute. The doing or permitting either of the acts prohibited in itself, constitutes an offense, and as often as one does or permits either of the acts to be done he commits a distinct misdemeanor.

In the trial in the district court, the first witness called on the part of the prosecution, E. W. Keplinger, testified that about the seventh or eighth of January, 1872, at the place of the defendant, he saw a game of chance, called poker, played with cards for checks and money. The next witness called, P. B. Danielson, was asked the following question by the prosecution, viz: "State whether or not you ever saw any game of poker played in the building kept by or under the control of the defendant within two years next prior to the twenty-seventh day of January, 1872?" This question was also asked J. A. Jefferson, a witness on the part of the prosecution. In each instance the question was objected to by the defendant on the ground that the evidence in the case must be confined to the particular game concerning which evidence had already been given to the jury, and to the same time as that mentioned by witness Keplinger. The court overruled the objections and permitted the questions to be asked and answered. It is upon the rulings of the court upon these questions that the first error assigned is based.

It is immaterial what date is alleged as the day on which a crime was committed in an indictment, provided such day be prior to the finding of the indictment and within the time prescribed by the statute of limitations; but the rule as to proof under an indictment is not so liberal, as it must be confined to a given crime and to a given time.

For instance, in this case, the indictment may have covered either of a dozen distinct offenses under the section of the statute upon which the indictment was founded. That is, William Fields may have been guilty of keeping or dealing, or permitting to be kept or dealt in a building under his control, the particular game of poker, as prohibited by the statute, on a dozen different times and occasions previous to the finding of the indictment, and within the time fixed by the statute of limitations, but on the trial on the particular indictment, the prosecution should have confined the proof to one distinct offense, if more than one offense had been committed. Evidence can only be offered tending to prove one distinct offense, and when such offense has been fixed as to time and place, the proof should be confined to it alone, the rule being that evidence of a distinct, substantive offense, cannot be admitted in support of another offense. In this case, the prosecution, by the witness Keplinger, fixed a time when the alleged misdemeanor, as charged in the indictment, was committed, and all evidence not tending to prove this alleged misdemeanor, on objection of defendant, should have been ruled out by the district court.

This disposition of the first error assigned, disposes also of the second and third, as the latter two grew out of the first.

Judgment of district court reversed, and new trial ordered.