PARKS *v*. STATE.

Opinion delivered December 2, 1918.

INTOXICATING LIQUOR—SALE—EVIDENCE.—Where there was a conflict of testimony as to whether defendant sold whiskey to one B., testimony that defendant at different times sold liquor to one C. near the same time and in the same building and under similar circumstances was admissible as tending to show that defendant was engaged in that business and therefore as corroborating the testimony tending to prove a sale to B.

Appeal from Logan Circuit Court, Southern District; *Jas. Cochran,* Judge; affirmed.

*Evans & Evans,* for appellant.

1. The court improperly admitted evidence as to a sale to Clem. It was not necessary to allege the name of the person to whom the liquor was sold, but if alleged it must be proved. 125 Ark. 47; 129 *Id.* 106; 130 *Id.* 322. Other crimes could not be proved. 4 A. & E. Enc. Law, 850; 54 Ark. 626; 39 *Id.* 278; 37 *Id.* 261; Jones on Ev., § 143; Black on Intox. Liquor, § 505; 43 Ark. 68; 48 *Id.* 34; 72 *Id.* 419; 125 *Id.* 275; 127 *Id.* 289; 130 *Id.* 48; 130 *Id.* 322; 131 *Id.* 445; 125 *Id.* 275; 130 *Id.* 48.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. Proof of sales to other persons was admissible. 127 Ark. 289; 130 *Id.* 322; see also 15 R. C. L., § 164.

2. Clem's testimony was competent as showing the character of defendant's business. 58 S. W. 108. But if error it was invited error. 33 Ark. 180; 77 *Id.* 464; 115 *Id.* 392; 79 *Id.* 25. It was harmless, and no objections were saved. 58 Ark. 513.

SMITH, J.    Appellant was convicted under an indictment which alleged that he "had sold to one Roland Branch, for the sum of three dollars, one pint of ardent, vinous, malt, spirituous, fermented, alcholic and intoxicating liquors and compounds and preparations thereof, commonly called tonics and bitters and medicated liquors."    There was unequivocal testimony to the effect that a sale to Branch had been made, although that fact was denied by appellant.    In addition there was also testimony that another sale had been made to one Roy Clem.    These sales were made at different times.    Appellant moved the court to exclude the testimony in regard to the sale to Clem, inasmuch as the indictment had alleged a sale to Branch.    This the court refused to do, but instructed the jury as follows:

"Gentlemen of the jury, the defendant must be convicted, if convicted at all, for selling liquor under this indictment to Roland Branch.    You may take into consideration, for helping you to determine whether or not the defendant sold liquor to Roland Branch the testimony of Clem, only for the purpose of weighing the testimony and helping you to determine whether or not the defendant sold Roland Branch any intoxicating liquors."

This action of the court is assigned as error, and an elaborate argument is made that these sales were separate transactions, the one having no connection with the other, and that error was therefore committed in not excluding from the consideration of the jury all testimony relating to the sale to Clem.

But appellant had denied making the sale to Branch, and his cross-examination, as well as the testimony of appellant, was intended to show that no sale had been made to Branch, and, if a sale had been made, appellant did not make it.    The testimony of Clem showed a sale of the same quantity of liquor and for the same price, and that, like the alleged sale to Branch, it was made near the same time and in the same building, and that the bottle of whiskey sold had been concealed in a box in the

rear end of the drug store in each case. The testimony in regard to the sale to Clem showed the business in which appellant was engaged and the method by which sales were effected, and the identity of the man who had made them, and was therefore competent.

Judgment affirmed.