## STATE v. LOWRY
### (No. 1018; Decided February 27, 1923; 212 Pac. 768)

APPEAL AND ERROR—CRIMINAL LAW—ILLEGAL LIQUOR SALES—ADMISSION OF EVIDENCE OF OFFENSES NOT CHARGED—EXCEPTIONS—INSTRUCTIONS.

1. When, under any exception to the general rule excluding evidence of other crimes, such evidence is admitted, it is not for the purpose of convicting the accused of another crime but merely as relevant proof tending to establish guilt of the offense charged.

2. In a criminal prosecution upon a specific charge of an unlawful sale of intoxicating liquor, it was prejudicial error to admit over defendants objection, evidence of the passing and drinking of liquor other than as described in the information, by various persons, on defendants premises, and especially so in view of an erroneous instruction given by the court as to the essential ingredients of the offense charged.

3. Errors of law occurring at the trial not covered by objections nor reserved exceptions cannot be considered on appeal.

APPEAL from District Court, Platte County, HON. W. C. MENTZER, Judge.

George Lowry was convicted upon a charge of unlawfully selling intoxicating liquor, and appeals. The facts are stated in the opinion.

*W. L. Walls,* Attorney General and *Vincent Carter,* Deputy, for respondents.

Specifications of errors numbered one to three inclusive are not argued in appellant's brief and are thereby waived. (Bank v. Ludvigsen, 8 Wyo. 257; Kennedy v. Bank, 22 N. D. 72; Vance v. Heath, 42 Utah, 155;) specification number four that the trial court erred in permitting the introduction of evidence of sales other than as charged, is unsupported by objections or exceptions taken at the trial; the point cannot be first raised on appeal. (Clark v. Fredericks, 105 U. S. 4; King v. McLean Asylum, 64 Fed. 331; Robinson v.

Springfield Co., 21 Fla. 203; Lomax v. Strange, 14 Ind. 21; Delaney v. Reed, 4 Iowa (4 Clark) 292; Robins v. Neal, 10 Iowa 560; Schohmer v. Lynch, 11 Iowa, 461; Peck v. Hendershot, 14 Iowa 40; Starry v. Starry, 21 Iowa, 254; Dickey v. Maine Tel. Co., 46 Me. 483; Mahiat v. Codde, 64 N. W. 194; Botse v. Burt, 34 Mo. 74; Schuchman v. Heath, 38 Mo. 280; In Re Simmonds, 19 Pac. St. (7 Harris) 439; International v. Johnson, 24 S. W. 939; Galveston v. Herring, 24 S. W. 939; O'Connor v. Kock, 29 S. W. 400;) nor was exception taken to the rule of the court in permitting witness S. A. Knight to testify as to other sales, and this point cannot be reviewed. (Atchinson v. Arnold, 11 Wyo. 351; Synd. Imp. Co. v. Bradley, 6 Wyo. 171; McCornick v. Phillips, 4 Dak. 506; Sullivan v. Whistler, 16 Ind. 200; Kendrick v. State, 68 Ind. 104; Hendrick v. Whitehorn, 145 Ind. 642; Russell v. Dennison, 45 Cal. 337;) it is apparent from the record that defendant conducted a soft drink parlor as a mere subterfuge and carried on unlawful liquor sales and the judgment of conviction should be sustained.

*Marion A. Kline* and *Oscar O. Natwick,* for appellant.

The record seems to be burdened with irrelevant and prejudicial evidence of other transactions and other alleged sales, all of which were received without apparent regard for the rules of evidence. It is well settled, that the admission of evidence of other offenses at criminal trials is not admissible, except under certain circumstances to show motive, intent or identity; (Fields v. Ter., 1 Wyo. 78; Horn v. State, 12 Wyo. 80;) as applied to prosecutions for illegal sales of liquor, the rule is universal that evidence of other sales is not admissible. (State v. Reynolds, Kan. 47, Pac. 573; Walker v. State, Tex. 72 S. W. 861; Swalm v. State, Tex. 91 S. W. 575; Baughman v. State, Tex. 90 S. W. 166; Johnson v. State, Tex. 62 S. W. 756; Erwin v. State, Ga. 49 S. E. 689; Cook v. State, Miss. 32 So. 312; Crimes v. State, Tex. 72 S. W. 862; People v. Dial, Cal. 153 Pac. 970; Smith v. State, Okla. 113 Pac. 204; Lee v. State, Tex.

73 S. W. 407; Allen v. State, Tex. 73 S. W. 397; Driver
v. State, Tex. 85 S. W. 1056; Marks v. State, Tex. 78 S. W.
512; Belt v. State, Tex. 78 S. W. 932; Rock v. State, Ind.
110 N. E. 212; State v. Stike, Mo. 129 S. W. 1024; Day v.
United States, 220 Fed. 818; Taliaferro v. United States,
213 Fed. 25; People v. Converse, Mich. 121 N. W. 475;
Harris v. State, Tex. 97 S. W. 704; Campbell v. State, Tex.
116 S. W. 581; Spain v. State, Tex. 133 S. W. 1055; Devine
v. Commonwealth, Va. 60 S. E. 37; Hyde v. State, Ala. 68
So. 673; Moore v. State, Ala. 64 So. 520; Hammock v. State,
Ala. 62 So. 322; Hill v. City of Prattville, Ala. 69 So. 227.)
The state having elected to prosecute for one alleged sale,
cannot offer proof of other sales; (Devine v. Comm. 60 S.
E. 37.)   The trial court even went so far as to require wit-
nesses at the trial to give the names of persons whom they
had seen purchase liquor from defendant, thus taking an
active part in bringing into the record, immaterial, irrele-
vant and incompetent evidence, which was prejudicial to the
rights of defendant.   The judgment should be reversed.

*W.L. Walls*, Attorney General, *Vincent Carter*, Deputy,
in reply.

As to the point made in appellant's supplemental brief
that the information fails to charge the alcoholic content
of the liquor sold, we say that the point cannot first be
raised on appeal but should be raised by motion to quash.
(7483, C. S. 1920.)   (Cook v. Territory, 3 Wyo. 110; Wil-
bur v. Territory, 3 Wyo. 268; Koppala & Lampe v. State,
15 Wyo. 416; McGinnis v. State, 16 Wyo. 90-91; Dickerson
v. State, 18 Wyo. 459; White v. State, 23 Wyo. 147.)   The
point was waived by a plea of not guilty.   (7487 supra.)
(Wilbur v. Territory, 3 Wyo. 268; Miller v. State, 3 Wyo.
657; Koppalla & Lampe v. State, 15 Wyo. 416; McGinnis
v. State, 16 Wyo. 90-91; White v. State, 23 Wyo. 148.)
The point was raised too late and is without merit in any
event.   (People v. Comm. 188 N. Y. S. 46; Childers v. State,
111 Pac. 957.)   The information charging an unlawful sale

of intoxicating liquor, to-wit, whisky, is sufficient under our statute; courts will take judicial notice that whisky is a spirituous drink, (U. S. v. Ash, 75 Fed. 651; People v. Comm., 188 N. Y. S. 52.)

*Marion A. Kline* and *Oscar O. Natwick*, supplemental brief.

Certain propositions of law covered by specifications of error herein were inadvertently omitted in the original brief and counsel for appellant by leave of court herewith submit a supplemental brief; the information does not state that the liquor alleged to have been sold contained more than one per centum of alcohol nor was any evidence offered as to the alcoholic content thereof; the information therefore fails to state an offense under the laws of the state and there was insufficient evidence to sustain a conviction; an examination of the prohibition act will show that no definition of the kind of liquor prohibited is stated, except that wine is mentioned in two or three places; the only test under the law as to whether liquor is intoxicating within the meaning of the act, is whether it be capable of being used as a beverage and contains more than one per centum of alcohol; the sale of intoxicating liquor is a statutory offense and every element thereof must be set forth in the information (Ch. 25, Laws 1919.) (22 Cyc. 335) and every element must be proven; the information charging a sale of whisky without charging that it contained more than one per centum of alcohol; we find no authority holding that a court will take judicial notice that whisky contains more than one per centum of alcohol; the fact must be proven; it was not proven at the trial in this cause; the alcoholic content of liquor sold is the test, as to whether an offense is charged. (Berry v. U. S., 275 Fed. 680;) the mere judgment of a lay witness as to whether the liquor alleged to have been sold is intoxicating is insufficient. The above cause involved an offense under the Volstead Act and should be applicable to a prosecution under our statute (Ch. 25, Laws 1919.)

POTTER, Chief Justice.

The appellant was convicted of an offense under the first State Prohibition Act, which went into effect on June 30, 1919 (Laws 1919, Ch. 25,) and sentenced to pay a fine of $500 and the costs of the prosecution. It was charged in the information that on the 30th day of October, 1919, in the county of Platte, the said George Lowry "did then and there unlawfully and maliciously sell and furnish to one S. A. Knight intoxicating liquor, to-wit, one pint of what is commonly known as whiskey, without having procured from the State Prohibition Commissioner a permit to sell or dispose of intoxicating liquors for purposes not excepted by law." It is specified as error: (1) that the information does not state facts sufficient to constitute an offense punishable under the laws of Wyoming; (2) that the verdict is contrary to law; (3) that the judgment is contrary to law; (4) that the court erred in admitting evidence of other sales of intoxicating liquor by defendant than the sale charged in the information; (5) that the court erred in permitting the witness S. A. Knight, over the objection of defendant, to testify that he had bought whisky from defendant after June 30th on other occasions than that stated in the information.

The first witness for the prosecution was S. A. Knight, the person named in the information as the one to whom it is alleged intoxicating liquor was sold and whose name is endorsed upon the information as the prosecuting witness. He testified that the appellant, who will hereafter be referred to either as defendant or appellant, conducted a soft drink business in the town of Guernsey in said Platte County, occupying successively between July 1 and November 1 of said year two places for that business, "one known as the Log Cabin and the other Peterson's Place" or "the old Peterson Saloon building;" first occupying the Log Cabin and leaving there for the other place some time in August. Replying to a question whether between July 1 and November 1, or October 31, 1919, he purchased any

whisky from the defendant, he testified that he did "on the 30th and 31st of October, two specific cases  *  *  *  a pint each time," paying $6.00 for each pint so purchased. He was then asked whether on any other occasion during the period of time mentioned he had bought whisky from the defendant, and an objection to the question was overruled but the ruling was not excepted to. He answered that he had, and in reply to subsequent questions he testified that while the defendant was in the Log Cabin he had bought from him whisky by the drink and by the pint on various occasions. That he had also bought whisky by the drink in the Peterson saloon building, the defendant serving him on each of the different occasions; that no one was present when he bought by the bottle, but others had been present when he bought by the drink, some of whom he named.

Other witnesses were called by the prosecution who testified, without objection, to having bought whisky, either by the drink or by the pint, from the defendant in one or the other of the two places of business which had been occupied by him as aforesaid. Thomas Carr, one of said witnesses, testified that on several occasions during the period mentioned he had purchased whisky by the drink and also by the pint. One Welton, another of said witnesses, testified that he had been in defendant's "present" place of business twice, and was acquainted with his former place of business, "the Log Cabin." Asked whether or not at any time after June 30 and before November 1 he had bought any whisky from the defendant, he answered that he had not, but in reply to later questions he testified that he had been with "a couple of friends" of his, one of whom bought whisky from the defendant by the glass, in the latter's living quarters "in the Log Cabin;" that he saw no money change hands and it might be possible that his friend might have been given the liquor as a guest; and that he also had a drink of whisky at that time but without paying for it—the inference being that it was obtained for him by his friend, though he stated that it was handed to him by the defendant. An-

other witness, G. A. Daugherty, was called for the purpose also of showing an occasion when liquor was sold or furnished in defendant's said place of business, but his testimony, which will be more particularly referred to hereafter, did not show a sale or furnishing of liquor by defendant to anyone.

It was then shown by the testimony of A. S. Roach, who had been sheriff of the county during 1919, that upon a search on November 1, 1919, of the Peterson saloon building occupied by the defendant and an old ice-house in the rear of that building, he had found a bottle partly filled with whisky and an empty bottle back of the bar in the business part of the main building and in the ice-house two cases of "White House Club" whisky, as well as several empty bottles in the basement and in the back room, and that the defendant admitted that the whisky belonged to him. The defendant testified that all of such whisky had been bought by him for his own individual use before the prohibition law had gone into effect, that he had not sold or given any of it to S. A. Knight or to any of the other persons who had testified in the case, and since June 30, 1919, had not sold or given away any whisky at either place mentioned in the testimony as occupied by him.

The purpose of introducing the above mentioned testimony to show a sale or sales of whisky other than the sale charged in the information is not disclosed by the record, and does not appear to have been stated upon the trial. We may suppose it was offered on the theory that it would come within one or more of the exceptions to the general rule that evidence to show or that may tend to show the commission by the accused of another offense is irrelevant and inadmissible, which rule applies to a prosecution for a violation of a liquor law (16 C. J. 605,) but no cautionary instruction was given limiting the effect of such testimony. On the contrary the only instruction given stating the essential ingredient of the offense charged to be established by proof seems to have been based upon the testimony to the effect

that defendant had sold whisky on other occasions to the witness Knight, at least, and in a different manner from that charged in the information. For it was not limited to the necessity of finding that the defendant had sold or furnished one pint of whisky to Knight, or to either occasion in October testified to by him, but permitted a conviction upon the jury's finding merely that he had sold whisky to said Knight, which might mean by the drink or glass as well as by the bottle or pint, and on any of the various occasions testified about by that witness.

By the first instruction the charge as contained in the information was correctly stated, and further that the defendant's plea of not guilty "puts in issue every essential ingredient of the offense charged, and casts upon the state the burden of proving the defendant's guilt thereof beyond a reasonable doubt." But by the second instruction the first essential ingredient of the offense charged was declared to be "that the defendant had sold intoxicating liquor, to-wit: whisky, to S. A. Knight, in Platte County, Wyoming," after June 30, 1919, and prior to the filing of the information. And that was not modified by any other instruction given in the case.

Thus, the jury were told as to the principal essential ingredient of the offense that it was merely that the "defendant had sold whisky" instead of having sold, as charged in the information, "one pint of * * * whisky." This could have been justified, if at all, only by Knight's testimony that he had bought from the defendant at other times whisky by the drink or glass, or by the bottle, and it disregarded the charge made by the information as well as the occasion first fixed by Knight's testimony. When under any exception to the general rule excluding evidence of other crimes, such evidence is admitted it is not for the purpose of permitting the accused to be convicted of another crime, but merely as relevant proof tending to establish his guilt of the offense charged. (Fields v. Territory, 1 Wyo. 78.) The instruction was clearly erroneous and

could not fail to have been extremely prejudicial, under the circumstances. But there was no objection made or exception taken, so far as the record shows, to that instruction or to the testimony above mentioned showing other sales. Nor is the said instruction specifically complained of by the specifications of error.

The only exception taken in the case was an exception to the ruling of the court upon an objection to a question propounded to the witness Daugherty. That witness, upon being interrogated by counsel for the prosecution as to whether he had bought whisky from the defendant or was present when it was sold or furnished to anyone else, testified that he had not bought any from the defendant during the period in question, and had not been in defendant's place of business when it was sold to anybody. He was then asked this question: "Were you in there one night some time in September when it was furnished to anyone?" An affirmative answer was immediately followed by the question: "How was that whisky furnished, Mr. Daugherty, in what packages?" That was objected to on the ground that it had not been shown that Lowry furnished it. The objection being overruled, an exception was noted to the ruling. The question was repeated and the examination of the witness was then continued as follows:

A. Why, Mr. Knight had a bottle in there one night, I seen him drink it. Q. Did you see it furnished to anyone else? A. He was passing it around pretty freely. Q. Mr. Knight? A. Yes sir. Q. Was there any furnished to anyone in glasses? A. No sir, I never seen any. Q. When was that that Mr. Knight was passing it around? A. I could not say, that was in September. Q. Where did Mr. Knight get the whisky? A. I could not say. Q. You did not see him buy it? A. No sir. Q. Do you remember what brand it was? A. No sir. Q. Was Mr. Lowry there at the time this was being passed around? A. I could not say, I do not believe he was. Q. Who was there, Mr. Daugherty? A. Well, I don't know. I never paid any particular at-

tention, there was quite a crowd there.  Q.  What was the crowd doing?  A.  Well, they was playing Freeze-out, some of them.  Q.  Was this whisky being passed around among the freeze-out players?  A.  Yes, he was pretty drunk and I saw he had a bottle and I wasn't in there long myself. Q.  You do not know where he got the bottle?  A.  I do not know.  Q.  When was that?  A.  I could not say exactly what the date was, I don't remember.  On cross-examination, he stated that he did not see anyone furnish the bottle to Knight but saw him take it out of his pocket and pass it around, and that was the only time that he ever saw whisky passed around in Mr. Lowry's place; and he repeated that he did not think Mr. Lowry was there.

We think that the court erred in overruling the objection above stated and admitting the evidence of the witness Daugherty which followed said ruling.  The question to which the objection was interposed was objectionable on the ground stated, if no other, as well as the testimony admitted as the result of the ruling, and we have no doubt that it was harmful and prejudicial, notwithstanding that it failed directly to show that the liquor which Knight had and was drinking and passing around had been sold and furnished by the defendant.  For the jury might have understood from the admission of the testimony over the defendant's objection that it was not only relevant but important proof against the defendant, in connection with Knight's testimony that he had bought liquor by the bottle from the defendant on several occasions other than the first two occasions mentioned in his testimony, and might have inferred, since the possession and drinking of the liquor was shown to have been in defendant's place of business, that it had been obtained from him; and especially so in view of the instruction aforesaid allowing a conviction for the sale to Knight of any quantity of whisky and upon any occasion testified to by him, without regard to the specific charge upon which the defendant was being tried.  The bottle in Knight's pos-

session in September could not, of course, have been either bottle which he said he bought in October.

For that error the judgment should, we think, be reversed. It might be impossible to say whether, under the second instruction, the verdict was based upon the charge for which defendant was tried, as identified by Knight's testimony concerning the purchase of one pint of whisky from the defendant on each of two dates mentioned, October 30 and 31, or was based upon Knight's testimony to the effect that he had purchased whisky by the bottle and also by the drink or glass upon several other occasions during the period between June 30 and November 1, 1919, and indeed, he had mentioned July 4th of that year as one of the dates upon which he had purchased whisky from the defendant, and, therefore, it might be impossible to say definitely whether the defendant was convicted by the verdict of the sale charged in the information or of some other sale to said Knight mentioned in his testimony. A verdict in this case convicting the defendant of a different offense from that charged in the information would be contrary to law. (Fields v. Territory, supra.) And that would be the result of a verdict convicting the defendant of one of the other sales brought out in the testimony for the prosecution instead of the sale alleged in the information. We are not prepared, however, and it is unnecessary to decide that the verdict must be regarded as a conviction for an offense different from that charged.

For the error admitting Daugherty's testimony, an order will be entered reversing the judgment and remanding the case for a new trial.

*Reversed and Remanded.*

BLUME and KIMBALL, JJ., concur.