STATE, RESPONDENT, *v.* CESAR, APPELLANT.

(No. 5,599.)

(Submitted January 9, 1925. Decided February 4, 1925.)

[232 Pac. 1109.]

*Intoxicating Liquors — Unlawful Sale — Election by State — Testimony of Other Like Offenses—Admissibility—Trial— Order of Proof—Discretion.*

Intoxicating Liquors—Unlawful Sale—Evidence of Other Sales—Election by State—Refusal—What Equivalent to Election.
   1.   Where defendant was charged with the unlawful sale of intoxicating liquor made on a certain date, and evidence of sales made on a subsequent date was admitted in the state's case in chief, whereupon defendant requested that the state be compelled to elect upon which sale it would rely for conviction, the court's action in subsequently instructing the jury that conviction could only be had on proof of a sale on the date alleged in the information and that the testimony referring to later sales was admitted solely for the purpose of corroboration, was equivalent to an election by the state, and its refusal in the first instance to require election, if error, was harmless.

Same—Evidence of Unlawful Sales Other Than That Charged Admissible.
   2.   The rule that evidence of other offenses than the one charged is admissible for the purpose of showing intent, guilty knowledge, that the act complained of was a part of a scheme or system of offenses, *etc.*, is applicable in prosecutions under the liquor laws, and under it where defendant charged with the unlawful sale of liquor claimed that the beverage sold was a nonintoxicant, it was competent for the

---

2.   Other offenses as provable in intoxicating liquor prosecutions, see note in 18 **Ann. Cas.** 846.

state to show that liquor sold by him at other times was intoxicating.

Trial—Order of Proof—Discretion.

3. The order of proof is largely a matter within the discretion of the trial court; hence introduction of testimony by the state in its case in chief showing a sale of liquor at a time subsequent to the date for which defendant was on trial, instead of offering it on rebuttal as it should have done, was nonprejudicial.

*Appeal from District Court, Madison County; Lyman H. Bennett, Judge.*

L. J. CESAR was convicted of selling intoxicating liquor and appeals. Affirmed.

*Mr. M. M. Duncan,* for Appellant, submitted a brief and argued the cause orally.

"Evidence as to other sales of intoxicating liquor should not be taken into consideration by the jury in determining the guilt of the defendant as to a particular sale upon which the state has elected to rely for conviction." (*State* v. *Nield,* 4 Kan. App. 626, 45 Pac. 623.) "In a prosecution for a single unlawful sale of liquor, evidence of other sales is not ordinarily admissible." (*State* v. *Alford,* 26 N. M. 1, 187 Pac. 720.) "A defendant cannot be convicted of one crime by proving him to be guilty of another and independent offense." (*Wisdom* v. *State,* 18 Okl. Cr. 118, 193 Pac. 1003.) "In a prosecution for a particular offense, evidence tending to show defendant guilty of another offense disconnected with the crime charged is inadmissible." (16 C. J., par. 1132; *State* v. *Lowny,* 29 Wyo. 267, 212 Pac. 768; *People* v. *Argentos,* 156 Cal. 720, 106 Pac. 65; *State* v. *Lashell,* 9 Kan. App. 887, 61 Pac. 678; *State* v. *O'Donnell,* 36 Or. 222, 61 Pac. 892; *Smith* v. *State,* 5 Okl. Cr. 67, 113 Pac. 204; *State* v. *Gottfreedson,* 24 Wash. 398, 64 Pac. 523; *State* v. *Strodemier,* 40 Wash. 608, 82 Pac. 915; *State* v. *Craddick,* 61 Wash. 425, 112 Pac. 491.)

*Mr. L. A. Foot,* Attorney General, and *Mr. A. H. Angstman,*
Assistant Attorney General, for the State, submitted a brief;
*Mr. Angstman* argued the cause orally.

In the following liquor cases it was held that evidence of
other sales is properly admissible: *Parks* v. *State,* 136 Ark. 562,
208 S. W. 435; *McMillar* v. *State,* 162 Ark. 45, 257 S. W. 366;
*Myers* v. *State,* 37 Tex. Cr. App. 331, 39 S. W. 938; *Matkins*
v. *State* (Tex. Cr.), 58 S. W. 108; *Skipwith* v. *State* (Tex.
Cr.), 68 S. W. 278; *Spigener* v. *State,* 11 Ala. App. 296, 66
South. 896; *State* v. *Schmitz,* 19 Idaho, 566, 114 Pac. 1; *Duff*
v. *State,* 19 Ariz. 361, 171 Pac. 133; *Bundy* v. *State,* 16 Okl.
Cr. 481, 184 Pac. 795; see, also, *Brooks* v. *State,* 25 Ariz. 16,
212 Pac. 456; *Vanover* v. *Commonwealth,* 202 Ky. 813, 261
S. W. 604.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

L. J. Cesar was charged with making an unlawful sale of
intoxicating liquor on February 29, 1924, and evidence was
introduced tending to prove the charge as made. Over ob-
jection the court also admitted evidence tending to prove
that the defendant made illegal sales on March 15, 1924, and
then denied the defendant's request that the state be compelled
to elect whether it would rely for a conviction upon the sale
made on February 29, or the sales made on March 15. The
defendant was convicted, and has appealed from the judgment
and from an order denying his motion for a new trial.

The facts do not present a case for the application of the
[1] doctrine of election, but in any event the defendant
was not prejudiced by the court's ruling, and cannot com-
plain, for without objection the court instructed the jury that
defendant was being tried for an offense alleged to have been
committed on February 29, that it was incumbent upon the
state to prove "every material fact necessary to constitute such
crime," and if the jury "entertained any reasonable doubt

upon any fact or element necessary to constitute the crime charged," a verdict of not guilty should be returned. The court also instructed the jury that the evidence of sales made on March 15 "was admitted for the purpose of corroboration, and can only be considered by you for that purpose."

We are satisfied that the jury could not have been misled. The effect of giving these instructions was the same as an election in a proper case. In 16 Corpus Juris, 863, it is said: "An election by the trial judge as to which transaction the state will rely on for conviction is a sufficient election, and an instruction submitting one only of the acts, has been held to be a sufficient election."

The real question for determination is: Did the court err in admitting evidence of sales made by the defendant on March 15?

It is the general rule that, upon the trial of one accused of a [2] specific offense, evidence of distinct and independent crimes is not admissible, and the reason for the rule is so apparent that it does not call for any discussion. But the rule is equally well settled that, if evidence tends to prove the commission of the offense charged, it is not rendered inadmissible because it tends also to prove that the accused committed another crime. (*State* v. *Hopkins,* 68 Mont. 504, 219 Pac. 1106.) The test is, not whether the offered evidence tends to prove an independent offense, but whether it is relevant as tending to prove any fact material to the issue in the case before the court. In numerous criminal cases, other than cases involving alleged violations of the liquor laws, this court has announced the rule that: "Evidence of other acts or declarations of the accused, of a like nature with those constituting the offense charged, is admissible for the purpose of showing the intent, guilty knowledge, or motive, in corroboration of the testimony as to the offense charged, to prove the identity of the perpetrator of the crime, or to negative the idea that the particular offense complained of was the result of mere accident or mistake, or the employment of

a mere loose word or phrase, or to show that the act complained of was a part of a chain or system of crimes." (*State* v. *Peres,* 27 Mont. 358, 71 Pac. 162; *State* v. *Newman,* 34 Mont. 434, 87 Pac. 462; *State* v. *Wyman,* 56 Mont. 600, 186 Pac. 1; *State* v. *Pippi,* 59 Mont. 116, 195 Pac. 556; see, also, *State ex rel. Bourquin* v. *Morris,* 67 Mont. 40, 214 Pac. 322.)

Applying the same principle in a case involving an alleged unlawful sale of intoxicating liquor, the authorities generally sanction the admission of evidence of other sales made by the defendant within a reasonable time, although the reason assigned for the ruling in successive cases involving substantially the same facts is not always the same.

The only decided cases to the contrary cited by counsel for defendant are by the court of appeals of California: *People* v. *Clark,* 28 Cal. App. 670, 153 Pac. 719, and *People* v. *Morales,* 45 Cal. App. 553, 188 Pac. 58; although in *State* v. *Alford,* 26 N. M. 1, 187 Pac. 720, the court intimated, without deciding, that evidence of this character is inadmissible.

In *State* v. *Nield,* 4 Kan. App. 626, 45 Pac. 623, it was held error to admit evidence of other sales without limiting the effect of the evidence by an appropriate instruction, and the same ruling was made in *State* v. *Lowry,* 29 Wyo. 267, 212 Pac. 768.

From the record before us it appears that the defendant occupied a two-story building in the town of Laurin, that he rented the rooms in the second story, and used the rear room of the first story for restaurant purposes. The front room of the first story was equipped with a bar and other fixtures and paraphernalia, and there the defendant conducted a soft-drink establishment, selling nonintoxicating beverages, according to his testimony. It was in this room on February 29 that the state's witness, Small, purchased from the defendant two drinks. Small testified that in each instance the beverage he purchased and drank was home-brewed beer, an intoxicating liquor. He testified further that in response to a request for moonshine whisky, defendant said "that he did not have

any at the present time. He said he had not had any for two or three days. ＊ ＊ ＊ He told me that he had not been able to get any 'moon' for two or three days.''

A witness Nesbitt testified that on March 15, 1924, he was in the defendant's soft-drink establishment and saw the defendant sell beverages over his bar, that the witness was furnished a drink of liquor—moonshine whisky—which was poured into a glass and mixed with some sort of soft drink.

A witness Bullerdick testified that he was in the defendant's soft-drink establishment on March 15 and saw beverages sold over the bar to numerous persons, some of whom appeared to be somewhat intoxicated. He testified that he was supplied with a drink of moonshine whisky, but that the bartender was a stranger to him and was not the defendant in this action.

The defendant testified in his own behalf. He admitted that he sold two drinks to Small on February 29, but testified that on each occasion the beverage sold by him was ''beer—Rainier-Special.'' When asked whether it was intoxicating, he replied, ''it never made me drunk.'' He testified, however, that he did not sell anything intoxicating to Small at that time. He admitted that he was asked to supply moonshine whisky, but denied that he made the reply attributed to him by Small; on the other hand, he testified that his reply was that he did not handle intoxicants of any kind, or words to that effect. He testified that his business was conducting a hotel, restaurant and soft-drink parlor, and that he sold only soft drinks ''such as beer, cider, orange crush, and stuff of that kind,'' also candy, apples and cigars.

From the defendant's own testimony but one inference can be drawn—that the beverages sold in his place of business and by him on March 15 were of the same character as those sold by him on February 29.

Bearing in mind that defendant admitted that he sold *a* beverage to Small on February 29, and that the only issue before the jury was whether the beverage was intoxicating

liquor, as contended by the state, or a soft drink nonintoxicant, as claimed by defendant, we think the ruling admitting evidence of sales made by the defendant on March 15, of the character of beverages then sold, and the effect produced by those beverages upon the persons who purchased and drank them, can be justified upon the theory that the evidence tended to disclose a general plan or scheme employed by the defendant for violating the liquor laws, that is, it tended to unmask the defendant's business and disclose its true character, namely, that he was conducting a saloon under the guise of a soft-drink parlor and was selling intoxicating liquors as near beer, cider, orange crush, *etc*.

In support of the theory we have adopted the following authorities are cited: *Spigener* v. *State*, 11 Ala. App. 296, 66 South. 896; *Cluff* v. *State*, 16 Ariz. 179, 142 Pac. 644; *Parks* v. *State*, 136 Ark. 562, 208 S. W. 435; *State* v. *Coulter*, 40 Kan. 87, 19 Pac. 368; *State* v. *Clark*, 155 Minn. 117, 192 N. W. 737; *State* v. *Shaw*, 58 N. H. 73; *Pitner* v. *State*, 37 Tex. Cr. 268, 39 S. W. 662; see, also, *Thompson* v. *State*, 189 Ind. 182, 125 N. E. 641; *People* v. *Giddings*, 159 Mich. 523, 18 Ann. Cas. 844, 124 N. W. 546; *State* v. *Donaluzzi*, 94 Vt. 142, 109 Atl. 57; 1 Wigmore on Evidence, 2d ed., 368; 2 Woollen & Thornton on the Law of Intoxicating Liquors, sec. 931; and note, 18 Ann. Cas. 850.

In the orderly trial of this case, the evidence of other sales [3] should have been introduced in rebuttal; but it was not objected to on the ground that it was offered out of the proper order, and, in any event, the order of proof is largely a matter within the discretion of the trial court.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK and MATTHEWS concur.

MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.