## STATE EX REL. MUTUAL BENEFIT LIFE INSURANCE COMPANY, RELATOR, *v.* FIRST JUDICIAL DISTRICT COURT, RESPONDENT.

[Submitted June 3, 1895. Decided June 10, 1895.]

RECEIVER—*Mandamus—Sufficiency of answer.*—A writ of mandamus, commanding the district court to hear testimony or proof in support of an application for the appointment of a receiver in an action to foreclose a mortgage, in which issue was joined as to the sufficiency of the property to discharge the mortgage debt, will be dismissed on demurrer, where the answer to the writ set forth that at the time of the hearing the application no reasons were given why a receiver should be so appointed, except that it was alleged in the complaint that "the condition of the mortgage had not been performed," and that "the property was probably not sufficient to discharge said mortgage debt;" that ample opportunity was given plaintiff to present any other reasons, but none were presented to the court nor any offer of proof or witnesses made, the plaintiff relying solely upon the pleadings.

APPEAL—*Opinion of trial court.*—The opinion of the district court is not a finding, nor a part of the judgment, so as to require its review by the appellate court when contained in the record.

APPLICATION for writ of *mandamus* to compel the district court to hear proof, and determine on its merits an application for the appointment of a receiver. Writ denied.

Statement of the case by the justice delivering the opinion.

The object of this action is correctly stated in the opening

paragraph of the brief of the relator, as follows: "This is an application for a writ of *mandamus* to compel the district court of Lewis and Clarke county (department No. 1), to assume jurisdiction of, and hear and determine on its merits, an application or motion for the appointment of a receiver in an action now pending in said court in which the relator herein is plaintiff, which action was brought to foreclose a real estate mortgage."

Relator commenced an action in the district court against Peter Winne *et al.* to foreclose a mortgage. Our statute in reference to receivers provides: "A receiver may be appointed by the court in which the action is pending, or by the judge thereof:   *   *   *   Second. In an action by a mortgagee for the foreclosure of his mortgage, and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt." (Code of Civil Procedure, § 229.) It was alleged in the complaint in the action to foreclose that the conditions of the mortgage had been broken, and, furthermore, that the property was probably insufficient to discharge the mortgage debt. That the property was probably insufficient to discharge the mortgage debt was denied in the answer.

The plaintiff gave notice that it would move the court for an order appointing a receiver, and that the motion would be made upon the pleadings, and upon oral testimony to be taken and introduced on the hearing of said motion. Thereupon the district court ordered that oral testimony might be introduced upon the hearing of the motion in support thereof and in opposition thereto.

The application for a writ of *mandamus* sets forth that the court refused to hear testimony or proof in support of the application for the appointment of a receiver, and denied said application. The writ of *mandamus* was issued from this court commanding the district court to entertain and assume jurisdiction of said motion for the appointment of a receiver, and

to hear proof, either oral or by affidavit, and to determine said application upon the merits, or show cause before this court why it has not done so. The district court makes answer to the writ, and denies that it ever refused to entertain jurisdiction of the application for the appointment of a receiver, and that it ever refused to hear proof upon the application.

The answer further sets forth that, at the time set for the hearing, the plaintiff applied for the appointment of a receiver, which motion was oral, and contained no reason therefor, "nor were any reasons at any time given why a receiver should be so appointed, except that it appeared from the pleadings that 'the condition of the mortgage has not been performed,' and the allegation in the plaintiff's complaint, contained in paragraph 19 thereof, 'said property is probably not sufficient to discharge said mortgage debt.' Ample opportunity was given the plaintiff to present any other or additional reasons, if any existed, but no such were offered or presented to the court, the plaintiff relying solely upon the pleadings in said cause." It is further set up in the respondent's answer as follows: "No grounds were presented, save those made in the complaint, or offered by the plaintiff, no offer of proofs upon any ground was made, no witnesses were produced or offered after said motion was made, nor was there any action taken in the matter of application for a receiver, except the argument referred to, and the submission of the same by agreement of counsel to this court, upon the pleadings and argument aforesaid."

The action taken by the court appears in its answer, as follows: "That thereafter, and on the 3d day of May, 1895, after due consideration of all of said matters then pending, having theretofore taken jurisdiction thereof, and having heard all that the plaintiff had offered or expressed any desire to offer, and its argument therein, I did, on the 3d day of May, 1895, make the following order, which appears on pages 283 and 284 of the records of said district court, as follows: 'In this case plaintiff's motion for the appointment of a receiver is denied, and it is further ordered that the order heretofore

made restraining defendants from collecting the rents, issues, and profits is hereby set aside, to which ruling of the court plaintiff excepted.' "

The relator demurs to the answer on the ground that it does not set up a defense to the application for a writ of mandate. This is the matter now for consideration.

*McConnell, Clayberg & Gunn,* for Relator.

*A. K. Barbour* and *J. W. Kinsley,* for Respondent.

DE WITT, J.—The writ of *mandamus* may be invoked to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust, or station. (Code of Civil Procedure, § 566.) The writ of *mandamus* may require the district court to act.

We are of opinion that the answer of the court in this case shows that the court did act upon the application for the appointment of a receiver. The demurrer confesses that all the allegations of the answer are true. It is therefore true that the court gave all the parties ample opportunity to introduce oral or other testimony upon the point of whether the mortgaged property was probably insufficient to discharge the mortgage debt. It is true that the parties refused to offer any such testimony. Therefore, all that the court had before it was the affirmation of the complaint that the property was probably insufficient to answer the debt, and the denial of this affirmation by the defendant's answer. Upon these pleadings the court acted, and refused to appoint a receiver.

It is of course conceded that by this writ of mandate we are not asked to review the exercise of judgment and discretion of the court. As the record is before us, the writ of *mandamus* must be dismissed. The answer of the court is a complete defense to the application for the writ. Instead of the court's having refused to act, it did act upon what was before it, to wit, the pleadings, and gave ample opportunity to relator to offer any other matter in support of its application, which the relator refused to do. There have been several points argued

by counsel, which we do not think are in the case. Nor do we consider it necessary to express our views as to the opinion of the district court which was filed in denying the application for a receiver. The opinion of the district court is not a finding, nor a part of the judgment. (*Thorp* v. *Freed*, 1 Mont. 651; *Fant* v. *Tandy*, 7 Mont. 443; *Muller* v. *Buyck*, 12 Mont. 356; *Horsky* v. *Moran*, 13 Mont. 250.) Judgment was upon the pleadings. The court acted. Whether the reasons of the court were right we need not inquire. (*Thorp* v. *Freed*, *supra.*) The result was right.

The answer of respondent being confessed to be true by the demurrer, and it being a defense to the application, it is ordered that the writ be dismissed.

*Writ dismissed.*

PEMBERTON, C. J., and HUNT, J., concur.