GREGG, RESPONDENT, *v.* KOMMERS ET AL., DEFEND-
ANTS. PORTER ET AL., APPELLANTS.

22  511
31  278

[No. 1,079.]

[Submitted April 10, 1899.  Decided May 8, 1899.]

*Appeal—Review—Mortgage—New Trial—Briefs—Rules of Supreme Court.*

1.  Where decree on foreclosure fails to expressly provide that no deficiency judgment shall be entered against the mortgagor, and also fails to provide for a distribution of surplus, and the mortgagor does not appeal therefrom, no other party, who is unaffected by such omissions, can complain thereof.
2.  Where money was loaned, and a deed to secure the same executed in blank, and deposited in escrow, to be filled in with name of mortgagor, and delivered to him on payment of the loan, it was admissible in evidence, as bearing on the question whether the transfer was a mortgage or an absolute sale.
3.  Where no exception is noted, admission of evidence cannot be reviewed.
4.  Where appellants' brief does not contain a "concise abstract or statement of the case, referring to the page numbers in the transcript where the evidence may be easily found," assigned errors based upon the admission or exclusion of testimony will not be considered.
5.  A new trial will not be granted on the ground of newly-discovered evidence, because a witness who testified failed to state all he knew, either through forgetfulness on his own part, or unfamiliarity of his counsel with the knowledge of the facts which the witness possessed.
6.  Failure of the appellant to incorporate in his brief "a brief of the argument exhibiting a clear statement of the points of law or fact to be discussed" warrants a refusal by the Supreme Court to consider any of the assignments of error.

*Appeal from District Court, Cascade County; C. H. Benton, Judge.*

ACTION by J. O. Gregg against Louis Kommers and others. Judgment for plaintiff. Defendants Henry H. Porter and John W. Stanton appeal. Affirmed.

Statement of the case by the Court.

The complaint in this action alleges that on March 19, 1892, the plaintiff and the defendant Kommers entered into a contract of that date, substantially as follows: Gregg agreed to loan to Kommers, for a term of one year from the date of the contract, the sum of $1,000, with interest from date at the

rate of 18 per cent. per annum until paid. To secure this loan, Kommers agreed to convey by deed a certain tract of land in Cascade county, which had been entered by Kommers at the United States land office on March 3, 1892. In order to induce Gregg to make the loan, Kommers agreed that his title was good, under the homestead laws of the United States. The agreement further witnessed that Kommers agreed to execute, contemporaneously with the contract, a warranty deed to one H. H. Porter for the land aforesaid, for a consideration of $2,000 expressed therein, which said deed was to be placed in the custody of John W. Stanton until Porter should execute a deed with the name of the grantee to be left blank, and, after Porter had executed the deed as aforesaid, Stanton was to have the deed of Kommers to Porter recorded. The deed to be executed by Porter was to be placed in escrow, in the custody of Stanton, and was to be held until Kommers should pay the loan, with interest thereon, and, upon the payment of the loan by Kommers to Gregg, Stanton should have power, which was given him by the contract itself, to insert the name of Kommers as grantee in the Porter deed, and to deliver the same to Kommers; whereupon Kommers should be entitled to receive the deed, and should be entitled to the land as if no conveyance had ever been made. The contract further recited that Porter had no interest of any nature in the land, and that, upon payment to him of the loan and interest, Gregg should have no further or other interest in the land, but that Kommers should have full enjoyment thereof as if the aforesaid conveyances had not been made. The contract then continued: ''It being understood between the parties hereto that the title to the lands and conveyances aforesaid is made as security for said loan, and not as an absolute sale, the same being intended as, and deemed to be in the nature of, a mortgage.'' The complaint averred that, upon the execution and delivery of the aforesaid contract, Gregg loaned Kommers $1,000 upon the terms and conditions set out in the contract, and thereby Kommers became indebted to Gregg in the sum of $1,000 and interest, which has not been paid. It

is then averred that, at the time of making the contract afore-
said, Kommers owned the property therein described, and
that at the request of Gregg, and in order to secure the pay-
ment of the indebtedness, Kommers executed and delivered to
the defendant H. H. Porter a deed of conveyance conveying
to Porter the legal title to the land in trust, to be held by Por-
ter to secure the payment of the loan to Gregg until the in-
debtedness from Kommers to Gregg should be fully paid, and
upon full payment, as provided in the contract, the lands were
to be reconveyed to Kommers.    It is alleged that, after Kom-
mers made the deed to Porter in trust, Porter, in accordance
with the contract and on the request of Kommers, on April 4,
1892, made and acknowledged a certain deed of conveyance
for said·lands, but left the name of the grantee blank, as provided
for in the contract; and thereupon Kommers delivered
the deed to Stanton, to be held by him in trust until the debt
from Kommers to Gregg should be paid, in which event Stan-
ton was to deliver the deed to Kommers, and Kommers should
then have the right to insert in the deed his own name, and
thus secure the legal title to the land.    It is alleged that Kom-
mers has not paid the debt; that Porter still holds the legal
title in trust; that, by reason of the premises, plaintiff Gregg
has a valid lien in the nature of a mortgage upon the lands;
that Porter has no right therein, except the trust for plaintiff
and defendant Kommers; that Stanton has no right or interest
to the lands, but that he has in his possession the deed made
by defendant Porter to the blank grantee; and that Stanton
and Porter and others are conspiring to defraud plaintiff, and
to deprive him of his lien, and threaten to convey the land to
other persons.    It is alleged that Chesbro, defendant, claims
an interest in the land, but that it is subsequent to the lien of
Gregg, and that H. H. Porter, Stanton and Kommers claim
an interest therein, but that their rights, if any, are subject
to the rights of plaintiff.    Plaintiff prayed for judgment
.against Kommers for $1,000, and interest at the contract rate;
that the contract between Kommers and Gregg, and the deed
·to Porter, and from Porter, now in possession of Stanton, be

declared an equitable mortgage in favor of plaintiff; that the said mortgage might be foreclosed; and for further equitable relief.

The defendants Kommers, Stanton and Porter answered, putting in issue all the allegations of the complaint, except that Kommers had conveyed the land to Porter. As new matter, defendants alleged that on March 19, 1892, Kommers owned the land in question, and that on that day, for a valuable consideration, he conveyed the land to Porter by warranty deed, and that since that time Porter has owned and possessed the same; that Chesbro is a relative of his counsel, Mr. Burlingame, who is a son-in-law of plaintiff; and that on July 28, 1894, plaintiff, Burlingame, and Chesbro entered into a conspiracy to put a cloud upon the title of Porter to the land, and by means of false and fraudulent statements and representations made by them to Kommers, and believed by Kommers, they induced Kommers to make a deed of the land to defendant Chesbro. Chesbro answered, admitting the allegations of the complaint, and alleging that on July 28, 1894, Kommers conveyed the land to him (Chesbro). He alleged that Gregg's interest in the land was the lien pleaded in Gregg's complaint, and that the defendants Kommers, Porter and Stanton had no right to the land, but that the deed of Kommers to Porter was a cloud upon his (Chesbro's) title. He asked to be declared the owner after the satisfaction of Gregg's lien.

Gregg filed a replication, in which he admitted the allegation's in Chesbro's answer, but reasserted his own mortgage lien as the first upon the land.

The case was tried by the court, and judgment entered for plaintiff. Defendants Porter and Stanton appeal from the judgment and an order denying a new trial.

*Stanton & Stanton* and *Ransom Cooper*, for Appellants.

*Geo. H. Stanton*, for Respondent.

PER CURIAM.—1. There is sufficient evidence to sustain

the conclusion of the District Court that the contract sued upon created a mortgage lien in plaintiff's favor on the premises described in the complaint. This was the controlling question in the case.

2. Kommers does not appeal. Therefore he cannot complain of the form of the decree, which fails to expressly provide that no deficiency judgment should be entered against him; while defendants Porter and Stanton cannot be injured by such omission, for no deficiency judgment was asked or granted against them or either of them. Nor can Porter and Stanton complain of the omission in the decree to provide for a distribution of surplus, for neither of them is affected by such omission.

3. Under the contract between Gregg and Kommers, the court properly allowed interest on the principal sum found to be due at the rate of 18 per cent. per annum.

4. The deed by Porter to a blank grantee was competent evidence as bearing upon the question of whether the contract between Gregg and Kommers was acted upon by the parties thereto, and believed and intended by them to be a mortgage.

5. There was no reason why the court should have adjudicated the rights between Chesbro and Porter, for the court decided that Porter had no interest at all in the land.

6. Plaintiff objected to a question relating to the purchase of a tax title put by defendants to one Burlingame on cross-examination. The court sustained the objection. No exception was noted. Defendants cannot now complain.

7. Defendants have assigned several other errors based upon admission or exclusion of testimony. Most of these specifications are disposed of by saying that in their brief defendants do not refer us to the pages where such evidence occurs, nor have they made a concise abstract or statement of the case, referring to the page numbers in the transcript where the evidence may be easily found. For this inexcusable violation of the rules we pass several alleged errors. This comment applies also to the alleged error of the court in striking out certain new matter set up in defendants' answer. The

assignments which refer to the record and which are argued in the brief are not well taken.

8.   The ground of newly-discovered evidence, upon which a new trial was asked, has no merit.   Courts will not retry cases because a witness who has testified failed to state all he knew either through forgetfulness on his own part, or unfamiliarity of his counsel at the time of the trial with the knowledge of the facts which the witness possessed.

There are sixteen ''specifications of error'' set forth in the appellants' brief, but there is no brief of the argument exhibiting a clear statement of the points of law or fact to be discussed, as required by Rule 5 of this Court.   (*Babcock* v. *Caldwell*, 22 Mont. 460, 56 Pac. 1081.)   We were warranted in refusing to consider any of the assignments of error, but have patiently gone through the record, and, without enumerating all errors specified, are of the opinion that appellants are not entitled to relief.   Judgment and order affirmed.

*Affirmed.*