PHILLIPS ET AL., APPELLANTS, v. COBURN ET AL., RESPONDENTS.

28    45
37    597

(No. 1,515.)

(Submitted April 6, 1903.   Decided April 27, 1903.)

*Water Rights—Evidence—Appeal—Opinion of Trial Court—*
*Findings—Insufficiency of Evidence—Specifications of Par-*
*ticulars—Conflicting Evidence.*

1. On appeal the opinion of the lower court has no place in the record and. cannot be looked to for any purpose, and a contention that it shows that the court did not consider certain evidence which was admitted without objection cannot be entertained.

2. In an action to enjoin defendants from diverting certain waters claimed by plaintiffs for irrigation purposes, the parties stipulated that no question should be made as to the titles of the respective parties to the lands described in the pleadings, and in connection with which the water claimed by each was to be used.   *Held,* that evidence that defendants' premises were located upon an Indian reservation, which they could not lawfully occupy, was inadmissible.

3. In an action involving the priority of appropriations of certain water rights plaintiffs contended that the appropriation made by their predecessor in interest was made in July of a certain year, and the court found that the appropriation was made in October of that year.   *Held* that, notwithstanding this finding, evidence of declarations made by plaintiffs' predecessor in interest, tending to show that in August of the year in question they had made no appropriation, was admissible under Code of Civil Procedure, Section 3125.

4. Where the specifications of particulars wherein the evidence is alleged to be insufficient to support the findings do not meet the requirements of Section 1173, Code of Civil Procedure, they will be disregarded.

5. Where the evidence is conflicting, findings of fact of the district court are conclusive on appeal.

*Appeal from District Court, Choteau County; Dudley Du*
*Bose, Judge.*

ACTION by Benjamin D. Phillips and others against Robert J. Coburn and another.   From a judgment for defendants, and from an order denying a motion for a new trial, plaintiffs appeal.   Affirmed.

STATEMENT OF THE CASE.

Action by plaintiffs for a perpetual injunction to restrain the

defendants from diverting the waters of Big Beaver or Warm
Springs creek, in Choteau county. The plaintiffs allege a prior
right to the free and unobstructed use of 2,000 inches of said
waters for agricultural purposes upon lands owned by them,
and particularly described in the complaint. This claim is
based upon two appropriations—one of 1,000 inches, alleged
to have been made by plaintiffs Sieben and Ester on August 2,
1889; and the other made by John T. Mercer and Henry Mar-
shall, the predecessors of plaintiffs, on July 8, 1889—both of
which rights are now held in common by all the plaintiffs. It
is alleged that defendants were engaged at the commencement
of the action in diverting the waters so that they did not reach
the heads of the plaintiffs' ditches, and threatened to continue
to so divert them, so that plaintiffs were and would be prevented
from using them to irrigate their growing crops of grain and
grasses, thus suffering irreparable injury. The defendants deny
all the material allegations contained in the complaint, and then,
by way of counterclaim, set up a right in themselves to the free
and unobstructed use of the waters to the extent of 700 inches
under an appropriation of them made by themselves on July 30,
1889, followed immediately by diversion and continued use of
them thereafter for agricultural purposes upon lands owned and
occupied by the defendants. Their answer concludes with a
prayer that they be decreed to have a prior right to the extent
of 700 inches, and for general relief. There was issue upon the
counterclaim by replication.

At the beginning of the trial the parties entered into the fol-
lowing stipulation: "It is agreed in this case that no question
is made or will be urged as to the titles of the respective parties
plaintiff and defendant to the lands described and mentioned
in the pleadings herein, and the various denials in that regard
are hereby withdrawn, it being the intention of the parties here-
to to have determined only the respective rights of the parties
hereto to the water and water right asserted by them, respect-
ively, and to the quantity of water which their respective ditches
were capable of carrying when first used. The conveyances of

the titles of the respective parties to the waters in question from their predecessors in interest are not denied, and the denials in that regard are also withdrawn."

Upon the evidence submitted the district court found that the defendants actually diverted the waters to the extent claimed by them on August 11, 1889, and thereafter continuously used them for agricultural purposes; that Sieben and Ester diverted them to the extent of 500 inches on September 25, 1889; that the Mercer and Marshall diversion to the extent of 300 inches was completed on October 1, 1889; and that, as a matter of law, the parties were entitled to the use of them in the order indicated by these dates, and to the extent of their respective appropriations. A judgment was entered accordingly. From the judgment and order denying them a new trial, plaintiffs have appealed.

*Messrs. Toole & Bach,* for Appellants.

Cited: Revised Statutes, U. S., Sections 2339, 2340; *Buttz* v. *N. P. Ry.,* 119 U. S. 55; *Barden* v. *N. P. Ry. Co.,* 145 U. S. 535; *McFadden* v. *M. V. M. Co.,* 97 Fed. 670.

*Mr. H. G. McIntire,* and *Mr. Fletcher Maddox,* for Respondents.

Respondents' title is at least good against every person except the government. (*First Nat'l Bank* v. *Roberts,* 9 Mont. 373; *Natoma W. & M. Co.* v. *Clarkin,* 14 Cal. 544; *California S. T. Co.* v. *Alta T. Co.,* 22 Cal. 430; *Union W. Co.* v. *Murphy F. F. Co.,* 22 Cal. 630.)

The issue as to whether respondents' ditch was upon the Indian reservation was an immaterial one; when the appropriation was made it was upon the public domain, and there can be no doubt of the right to appropriate water flowing through the public domain. (*Lehi Irr. Co.* v. *Mayle* (Utah), 9 Pac. 875; *Kaylor* v. *Campbell* (Oregon), 11 Pac. 301; *Smith* v. *Denniff* (Mont.), 60 Pac. 398.)

Findings are only necessary upon material issues. (*Knowles* v. *Leale,* 64 Cal. 377; *Louvall* v. *Gudley,* 70 Cal. 507; *Malone* v. *County of Del Norte,* 77 Cal. 217.)

Even if this was a material issue, the failure of the court to find thereon is not reversible error, inasmuch as appellants presented no request for such findings. (Code of Civil Procedure, Sec. 1114; *Haggin* v. *Saile,* 23 Mont. 375; *Gallagher* v. *Cornelius,* 23 Mont. 27; *Currie* v. *Mont. Cent. Ry. Co.,* 60 Pac. 989; *Noland* v. *Bull* (Oregon), 33 Pac. 983; *Dutertre* v. *Shallenberger* (Nev.), 34 Pac. 449; *Bank of California* v. *Dyer* (Cal.), 44 Pac. 534; *Larimer & W. I. Co.* v. *Wyatt* (Colo), 48 Pac. 528.)

MR. CHIEF JUSTICE BRANTLY, after stating the case, delivered the opinion of the court.

1.   Contention is made by counsel for appellants that the district court erred in excluding certain evidence tending to show that the defendants' ditch and premises are upon the Fort Belknap Indian reservation.   This contention proceeds upon the theory that, if it were made to appear that defendants' ditch and lands are within the limits of the reservation, this fact would necessitate a finding that defendants are not entitled to the use of any of the waters in controversy, because they could not lawfully occupy any portion of the reservation, or make an appropriation of waters thereon.  The record discloses that the evidence was offered by the plaintiffs, and admitted without objection.   Presumably, it was considered by the court so far as it was pertinent to any question involved in the case.   Counsel say, however, that the memorandum opinion of the court filed with the clerk and incorporated in the record shows that the court expressly excluded this evidence in making up the findings, and refer to the memorandum as the basis upon which to predicate this assignment of error.   The opinion of the court has no place in the record, and cannot be looked to for any purpose.   (*Cornish et al.* v. *Floyd-Jones,* 26 Mont. 153,

66 Pac. 838; *Menard* v. *Montana Central Ry. Co.,* 22 Mont. 340, 56 Pac. 592; *Butte & Boston Mining Co.* v. *Societe Anonyme des Mines de Lexington,* 23 Mont. 177, 58 Pac. 111, 75 Am. St. Rep. 505.) It is, therefore, not apparent from the record, to which alone this court may look, that the plaintiffs were prejudiced by the trial court in refusing to give such weight to the evidence in question as it deserved. We do not wish, however, to be understood by anything here said as holding that the evidence was competent, and should have been considered. Under the stipulation above referred to, an inquiry into the title by which the defendants hold their lands was not pertinent to the case. Whether the right of defendants to the use of the water through a ditch which was taken out upon the reservation could thus be attacked in a collateral way, or whether this was a question exclusively between defendants and the federal government, we do not undertake to decide, because it is not properly before us.

2. It is argued that the court erred to the prejudice of the plaintiffs in admitting evidence of declarations by Marshall and Mercer, the predecessors of plaintiffs, in disparagement of their right to the use of any of the waters of Warm Springs creek under the appropriation alleged to have been made by them on July 8, 1889, and prior to their conveyance to plaintiffs. The evidence tended to show that early in August, 1889, they had some conversation with certain of the witnesses who testified at the hearing, and at that time stated that they desired "to take up" a water right, and asked for information as to how they should proceed. The argument is that, inasmuch as the court found that their appropriation was made on October 1, 1889, their declarations made in August could not be regarded as in disparagement of their title, because they could not then have been in possession of the property about which they were speaking. There is no merit in this contention. The plaintiffs claimed through Marshall and Mercer under an alleged appropriation by them in July, and continuous possession and use by them until they conveyed to plaintiffs. They

offered evidence tending to support this claim. This being so, plaintiffs could not effectively resist the introduction of their declarations made subsequent to that date, which tended to show that their claim was unfounded. The evidence falls clearly within the rule declared by Section 3125 of the Code of Civil Procedure, and was admissible. Its admissibility and probative character was not affected by the finding of the court that the appropriation was in fact made at a later date than that claimed. Presumably, these very declarations in a measure influenced the court in finding as it did. According to the plaintiffs' contention, they should have been held admissible only after conclusive proof that the appropriation had been made by Mercer and Marshall as alleged.

3. The point is made that the evidence is insufficient to support the findings. The specifications of particulars wherein the evidence is alleged to be insufficient do not meet the requirements of the statute (Section 1173, Code of Civil Procedure), but are subject to the same infirmity as those criticised in *Cain* v. *Gold Mountain Mining Co.,* 27 Mont. 529, 71 Pac. 1004, and cases cited. We find, however, from such examination as we have been able to make of the evidence, unassisted by suitable specifications, that it is conflicting upon all the issues involved. We must, therefore, accept the judgment of the district court thereon as conclusive.

The judgment and order are affirmed.