STATE, APPELLANT, *v.* HUGHES ET AL., RESPONDENTS.

(No. 5,905.)

(Submitted May 12, 1926. Decided June 14, 1926.)

[246 Pac. 959.]

*Criminal Law—Larceny of Livestock—New Trial—Erroneous Granting of Motion—Admissibility of Evidence Showing Commission of Other Offenses of Like Character—Instructions.*

Criminal Law—New Trial—Defendant has Right to have All Grounds Specified Passed upon by Trial Court.
1.   Where a defendant convicted of crime bases his motion for a new trial upon a number of the statutory grounds therefor, he has an absolute right to have all the grounds specified passed upon by the trial court; if it fails to do so but grants a new trial upon a ground not sustained on appeal by the state, the order will be reversed with directions to pass upon the motion in its entirety.

Same—Motion for New Trial on Ground That Verdict Against Law and Evidence—Nature of Question Determinable by Trial Court.
2.   A motion for a new trial in a criminal case upon the ground that the verdict is contrary to the law and the evidence presents for the court's determination the question of the sufficiency of the evidence to sustain the verdict.

[76 Mont. 421.]

Record on Appeal—Memorandum of Opinion of Trial Court not Part.
  3.  The opinion of the district court rendered in the disposition
of a question presented to it for decision, is not properly a part
of the record on appeal.

Criminal Law—New Trial Asked for on Several Grounds—Minute
  Entry Showing Ground upon Which Granted, Controlling.
  4.  Where defendant predicated his motion for new trial upon a
number of grounds and the trial court in granting it by a minute
entry limited its order solely to its alleged error in admitting
testimony against defendant tending to prove the commission by
him of other offenses, the minute entry and not its opinion ac-
companying the order is controlling, and the supreme court on
appeal by the state will determine only whether the court did err
in the particular indicated by the entry.

Same—Instruction Limiting Effect of Evidence to Case Against One
  of Two Defendants—Codefendant may not Complain.
  5.  In a criminal case the trial court may properly instruct the
jury limiting the effect of evidence admitted over objection to
one of two defendants, and of such an instruction the one as to
whom the jury were directed not to consider it, cannot complain,
he having been favored rather than prejudiced by it.

Same—Evidence Showing Commission of Other Offenses—Admissibility
  for What Purposes.
  6.  Evidence tending to show the perpetration of other like
independent offenses by defendant at about the same time as that
for which he was on trial, is admissible in proof of his identity,
in corroboration of other testimony introduced in the case, to
establish a uniform plan or course of conduct, to show guilty
knowledge, motive or intent on his part, and to negative the likeli-
hood that the crime had been committed as the result of inad-
vertence, accident or mistake.

Same—Larceny of Livestock—Admission of Evidence of Other Of-
  fenses Held Proper.
  7.  Under the above rule (par. 6) *held*, that the district court erred
in granting defendant, charged with cattle stealing, a new trial on
the ground that it had erred in admitting testimony showing that
about the time of the alleged larceny and the branding of the
animal in question, cattle belonging to others than the complaining
witnesses had been found in the vicinity with their brands worked
over and that of the defendant substituted, *etc.*

---

  [1–4]  Criminal Law, 16 C. J., sec. 1322, p. 663, n. 86; sec. 2707,
p. 1178, n. 63; sec. 2762½, p. 1247, n. 45 New; sec. 3735, p. 363, n. 9;
17 C. J., sec. 3419, p. 129, n. 75.
  [5]  Criminal Law, 16 C. J., sec. 2154, p. 852, 'n. 93; 17 C. J.,
sec. 3729, p. 359, n. 64; p. 361, n. 74 New.
  [6, 7]  Criminal Law, 16 C. J., sec. 1133, p. 587, n. 98; sec. 1134,
p. 588, n. 8, 9 New; sec. 1135, p. 589, n. 10; sec. 1136, p. 589, n. 13;
sec. 1137, p. 589, n. 18; sec. 1139, p. 590, n. 25; sec. 1140, p. 591, n. 33.

*Appeal from District Court, Big Horn County; Robert C.
Stong, Judge.*

---

  3.  See 3 R. C. L. 129.
  5.  See 2 R. C. L. 237.
  6.  Evidence of other offenses as proof of identity, see note in 105
Am. St. Rep. 985. See, also, 8 R. C. L. 201.

BARNEY McCLAIN and Greeley Hughes were convicted for the larceny of a stag. From an order granting defendants a new trial, the State appeals. Reversed and remanded.

*Mr. L. A. Foot,* Attorney General, *Mr. S. R. Foot,* Assistant Attorney General, and *Mr. T. H. Burke,* County Attorney of Big Horn County, submitted a brief; *Mr. S. R. Foot* and *Mr. Burke* argued the cause orally.

*Messrs. Guinn & Maddox,* and *Mr. H. Glenn Kinsley* of the Bar of Cheyenne, Wyoming, for Respondents, submitted a brief; *Mr. Kinsley* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

On a motion for a rehearing, the original opinion handed down in disposition of this appeal on May 25, 1926, is withdrawn, and this one substituted.

By information, the defendants were jointly charged with the larceny of "one certain stag branded 9ꝏ on the left ribs, the property of one David Bell." On their pleas of "not guilty," they were tried jointly before a jury. On the conclusion of the evidence and regular submission of the case, the jury returned separate verdicts finding each of the defendants "guilty as charged," and leaving the fixing of the punishment to the court. Accordingly, the court sentenced the defendant Barney McClain to a term in the state prison at Deer Lodge of not less than four nor more than eight years, and the defendant Greeley Hughes to a term of not less than three nor more than six years in such prison. Separate judgments were thereupon duly entered. Thereafter the defendants made joint motion for a new trial, which was granted by the court, and the judgments theretofore entered were ordered to be set aside. The state has appealed from the order granting the defendants a new trial and vacating the judgments.

The only question presented on the determination of the merits of the appeal is whether the court erred in making the order.

The motion for a new trial, made and filed by the defend-
**[1-4]**   ants, was predicated upon the following grounds: (1)
That the court misdirected the jury in matters of law; (2)
erred in the decision of questions of law arising during the
course of the trial; and (3) that the verdict is contrary to the
law and the evidence.   Such motion was made in conformity
with the statute (sec. 12048, Rev. Codes 1921), and presented
for the court's determination question as to the sufficiency of
the evidence to justify the verdict. (*State* v. *Schoenborn,* 55
Mont. 517, 179 Pac. 294.)   As shown by the court minutes, the
motion for a new trial was granted, but the motion in its en-
tirety was not passed upon.   The minutes recite "order
signed," and then follows the order mentioned, from which it
is clearly shown that a new trial was granted the defendants
solely upon the ground that the court had committed error in
the admission of testimony tending to prove other indepen-
dent like crimes committed by them.   The other grounds of the
motion were unheeded by the court.   The defendants had an
absolute right to have all of the grounds of their motion for
a new trial passed upon, and the court's failure so to do of
necessity requires the cause to be remanded to the trial court
in order that it may pass upon the defendants' motion in its
entirety, unless we should conclude that the court was correct
in its views of the law on the sole question upon which the
order granting the defendants a new trial is predicated.   The
general rule established in this state is that the opinion of the
district court, rendered in disposition of questions presented,
does not properly constitute a part of the record on appeal
(*State ex rel. Mutual Benefit Life Ins. Co.* v. *District
Court,* 16 Mont. 274, 40 Pac. 600; *Porter* v. *Industrial Print-
ing Co.,* 26 Mont. 170, 66 Pac. 839, 67 Pac. 67; *Phillips* v.
*Coburn,* 28 Mont. 45, 72 Pac. 291), but it can have no applica-
tion here for, upon reference to the minute entry to determine
the action taken by the court on the motion for a new trial,
it appears beyond question that the court limited its order
granting a new trial solely to its alleged error in the admission

of testimony in rebuttal against the defendants, tending to prove the commission by them of other offenses. This appears from the minute entry itself. It is not the court's opinion from which we determine the action taken, but rather from the court minutes. They recite "order signed," and then the order is set forth showing the court's ruling with respect to but one of the several grounds upon which the motion for a new trial was based. The court might have considered the evidence insufficient, a matter which we are not in position to consider until decision thereon has been made by the trial court.

The scope of our inquiry is therefore limited alone to the question of whether the testimony admitted tending to prove the commission of other like crimes by the accused is legally admissible.

A *prima facie* case was established by the state tending to show the larceny of the animal as charged. In defense, the accused admitted the branding of the stag with McClain's brand, Walking YM Bar, but asserted right so to do by reason of an arrangement said to have been made by the defendant Hughes with the owner of the animal, David Bell, about two months previous, in effect that Hughes might, upon finding the stag, brand it and thereafter make payment to the owner, and that, at the time of branding the animal, it was agreed to place the brand of the defendant Barney McClain thereon as security for money which McClain had agreed to advance to pay for the animal.

In rebuttal, testimony was admitted tending to show that the brands on other cattle belonging to known owners had been worked, and the brands of the defendant Barney McClain substituted, that they gave indication of having been recently placed upon such animals, and that such cattle were seen by the witnesses about the time of the alleged larceny of the stag in question. No evidence was offered connecting up these transactions so as to show that the branding was unlawful, and such testimony was later withdrawn from consideration by the jury. However, independent evidence was admitted and per-

mitted to stand, to the effect that some time the latter part of July, 1925, a cow bearing the brand E Bar Diamond, was branded by the defendant Greeley Hughes, who placed on the animal another brand of his codefendant, JXV. The day the cow was branded, Sylvester Hardy, who was present, stated to defendant Hughes that that particular cow belonged on "Rotten Grass," to which Hughes made reply saying that he had bought her and paid "$70 for her as a milch cow." Martha Chatham testified that she lives on "Rotten Grass," and is the owner of the Lazy E Bar Diamond brand on the left ribs of cattle, that she was not acquainted with either of the defendants, and that she had not sold or agreed to sell the animal to either of them. This is the same animal which is involved in cause No. 5890, entitled *State of Montana* v. *Barney McClain* and *Greeley Hughes, ante,* p. 351, 246 Pac. 956, in which the defendants, after conviction, appealed to this court from the judgment and order denying them a new trial, that cause having been decided May 25, 1926.

The jury was specifically instructed that the evidence ad- [5] mitted concerning the branding of the E Bar Diamond cow could be considered by it only as to the defendant Mc-Clain, but that it should be wholly disregarded as to the defendant Hughes. In this connection the court stated in its instruction: "If you believe it [such testimony] to be true, then you may consider it in connection with other evidence concerning the branding of the stag by McClain. You are to disregard it, and you must not consider it against the defendant Hughes." Under the law, as settled by oft-repeated decisions of this court, an instruction limiting the effect of such evidence was proper to be given, but there appears no good reason why it should have been limited alone to the defendant McClain. It was equally competent as to both defendants. However, the defendant Hughes cannot be heard to complain. He was favored rather than prejudiced by this instruction, and was convicted by the jury upon other competent evidence.

The order granting the defendants a new trial is manifestly

[6, 7]   erroneous.   Prof. Wigmore, in his elaborate treatise on the Law of Evidence, in discussing the rule, says: "To. prove intent, as a generic notion of criminal volition or willfulness, including the various noninnocent mental states accompanying different criminal acts, there is employed an entirely different process of thought.   The argument here is purely from the point of view of the doctrine of chances, the instinctive recognition of that logical process which eliminates the element of innocent intent by multiplying instances of the same result until it is perceived that this element cannot explain them all.   Without formulating any accurate test, and without attempting by numerous instances to secure absolute certainty of inference, the mind applies this rough and instinctive process of reasoning; namely, that an unusual and abnormal element might perhaps be present in one instance, but the oftener similar instances occur with similar results, the less likely is the abnormal element likely to be the true explanation of them.   *   *   *   In short similar results do not usually occur through abnormal causes; and the recurrence of a similar result (here in the shape of an unlawful act) tends (increasingly with each instance) to negative accident or inadvertence or self-defense or good faith or other innocent mental state, and tends to establish (provisionally, at least though not certainly) the presence of the normal (*i. e.* criminal) intent accompanying such an act, and by the force of each additional instance will vary in each kind of offense according to the probability that the act could be repeated, within a limited time and under given circumstances, with an innocent intent."

In application of the rule so adverted to by this learned author, this court, by repeated decisions, has uniformly deduced the rule applicable.   Again we reaffirm it to be as follows: Evidence is admissible which shows or tends to show the perpetration by a person accused of crime of other like independent offenses at about the same time, in proof of his identity, in corroboration of other testimony respecting the particular offense charged, to establish a uniform plan or course of

conduct, and also, in order to show guilty knowledge, motive or intent on the part of the accused, and in negation of likelihood of crime having been committed as a result of inadvertence, accident, or mistake. (*State* v. *Peres,* 27 Mont. 358, 71 Pac. 162; *State* v. *Newman,* 34 Mont. 434, 87 Pac. 462; *State* v. *McCarthy,* 36 Mont. 226, 42 Pac. 521; *State* v. *Mitton,* 37 Mont. 366, 127 Am. St. Rep. 723, 93 Pac. 926; *State* v. *Hill,* 46 Mont. 24, 126 Pac. 41; *State* v. *Vinn,* 50 Mont. 27, 144 Pac. 773; *State* v. *Gaimos,* 53 Mont. 118, 162 Pac. 596; *State* v. *Wyman,* 56 Mont. 600, 186 Pac. 1; *State* v. *Pippi,* 59 Mont. 116, 195 Pac. 556; *State ex rel. Bourquin* v. *Morris,* 67 Mont. 40, 214 Pac. 332; *State* v. *Hopkins,* 68 Mont. 504, 219 Pac. 1106; *State* v. *Cassill,* 70 Mont. 433, 227 Pac. 49; *State* v. *Cesar,* 72 Mont. 252, 232 Pac. 1109; *State* v. *Roop,* 73 Mont. 177, 235 Pac. 336.) And the mere fact that such evidence may establish the commission of wholly independent crimes does not render it inadmissible. (*State* v. *Wyman, State* v. *Pippi, State* v. *Cassill,* and *State* v. *Cesar,* above cited.)

The court was in error, and its order is reversed and the cause remanded to the district court of Big Horn county, with directions to it to pass upon the grounds upon which the defendants contend their right to a new trial other than that already passed upon.

*Reversed and Remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.