STATE, RESPONDENT, *v.* HUGHES ET AL., APPELLANTS.

(No. 6,040.)

(Submitted December 8, 1926.   Decided December 30, 1926.)

[252 Pac. 320.]

*Criminal Law — Larceny of Livestock — New Trial — Supplemental Motion—When Timely—Newly Discovered Evidence —Witness Changing Testimony—Proper Refusal of Motion.*

Criminal Law—New Trial—Supplemental Motion—When Timely.
  1.  A supplemental motion for a new trial on the ground of newly discovered evidence is timely and properly before the court if made while the original motion remains undetermined when the applicant shows by affidavit that it was filed within thirty days after discovery of the alleged new evidence.

Same —New Trial—Wrong Reason for Correct Result—Appeal.
  2.  A wrong reason for a correct conclusion on a motion for a new trial will not invalidate an order either granting or refusing it.

Same — Larceny — New Trial — Newly Discovered Evidence — Witness Changing Testimony—Proper Refusal of Motion.
  3.  Where the owner of an animal, with the theft of which defendant was charged, at the trial testified that it was his property at the time it was taken and remained so until after defendant's arrest when it was paid for by the latter, he being fully cross-examined as to the transaction, a motion for a new trial on the ground of newly discovered evidence based upon the witness' affidavit to the effect that he was mistaken in so testifying, was properly refused, since a new trial will not be granted because of newly discovered evidence based on forgetfulness or unfamiliarity of defendant's counsel with facts within the knowledge of the witness, or to enable the witness, on a change of heart to give testimony in excuse of defendant's conduct.

---

[1]   Criminal Law, 16 C. J., sec. 2734½, p. 1216, n. 22.
[2]   Criminal Law, 17 C. J., sec. 3544, p. 203, n. 97.
[3]   Criminal Law, 16 C. J., sec. 2729, p. 1204, n. 82.

*Appeal from District Court, Big Horn County; Robert C. Stong, Judge.*

GREELEY HUGHES and BARNEY MCCLAIN were convicted of grand larceny and appeal.   Affirmed.

---

2.   See 2 R. C. L. 191.
3.   See 20 R. C. L. 293.

*Messrs. Guinn & Maddox* and *Mr. Glenn Kinsley,* of the Bar of Sheridan, Wyoming, for Appellants, submitted a brief; *Mr. C. C. Guinn* and *Mr. Alan W. Maddox* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. S. R. Foot,* Assistant Attorney General, and *Mr. T. H. Burke,* County Attorney of Big Horn County, for the State, submitted a brief. *Mr. I. W. Choate,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

The defendants by information were charged jointly with the larceny of a stag belonging to one David Bell, were convicted and have appealed from the judgment and an order denying them a new trial.

The case has heretofore been considered by this court on appeal (*State* v. *Hughes et al.,* 76 Mont. 421, 246 Pac. 959), and by decision rendered June 14, 1926, the trial court was directed to pass upon all of the grounds asserted by the defendants in their motion for a new trial, it affirmatively appearing that the trial court had passed upon only one of the grounds specified. The *remittitur* from this court appears to have been filed in the district court on June 24, 1926, and subsequently thereto on June 29, 1926, the defendants made and filed a "supplemental motion" for a new trial supported by affidavits, upon the ground of newly discovered evidence; as respects which it was made to appear that the defendants did not know thereof until the fourth day of June, 1926. The court denied the original and also the "supplemental motion" for a new trial, and as to the latter held that it was not proper to be considered. Again the cause is before us on an appeal from the judgment and order denying the defendants a new trial.

The supplemental motion for a new trial was supported by affidavit of diligence on the part of the accused and their coun-

sel and by the affidavit of David Bell, the principal witness against the defendants on the trial, and upon which such motion is predicated to the effect that on the trial he testified that he owned the stag until it was paid for in August, 1925; that he had dealings with Greeley Hughes in May, 1925, respecting the animal in question; that upon the trial he "was misled before testifying into believing that there was no sale of this animal until he received the money and therefore under this mistaken belief so testified at the trial; that in truth and in fact he did sell the animal in May, 1925, with the understanding in substance that Hughes was to find the stag, brand it, and when branded to pay him for it"; that Hughes afterward and prior to the trial paid him for the stag and that his affidavit is now made in justice to Hughes, believing that the affiant has wronged Hughes "unintentionally."

We have carefully considered the several specifications of error assigned by the defendants and conclude that there are but two questions necessary to be discussed and determined in disposition of the appeal: (1) Was error committed by the trial court in denial of the supplemental motion for a new trial made by the defendants? And (2) is the evidence sufficient to support the verdict?

1. Section 12049, Revised Codes of 1921, requires that a [1] motion for a new trial based upon newly discovered evidence "*must* be filed *within thirty days after the discovery of the facts*"; and newly discovered evidence is such as is of material value to a person accused of crime discovered after the trial or too late to be produced, which was not known or accessible at the trial. (*Id.* 12048; 20 Cal. Jur., p. 78.) Under the statute newly discovered evidence is a ground for a new trial, and a supplemental motion for a new trial on that ground is timely if made while the original motion is still pending undetermined, when by affidavit it is made to appear that such supplemental motion has been filed *within thirty days after the discovery of the facts* upon which the person convicted relies to change the result. (Sec. 12049, *supra.*) There

is no other limitation as to time prescribed, and quite properly so, for were it otherwise, grave injustice might be done in some instances. We are of opinion that the supplemental motion for a new trial was properly before the court, since it appears to have been filed and presented together with the affidavits showing that the existence of the alleged "newly discovered evidence" had not been learned until June 4, 1926, well within the thirty-day limitation prescribed.

The witness David Bell was the principal witness for the prosecution on the trial of the defendants and he gave testimony concerning the same facts set forth in his affidavit on motion for a new trial, and was fully cross-examined with respect thereto. The pivotal question presented to the jury for its determination was whether the animal in question at the time it was branded by the defendants was the property of David Bell and not that of the defendants. As noted above, David Bell now wishes to change the effect of his evidence given upon the trial. From an examination of his testimony and of his affidavit made on motion for a new trial, we are satisfied the court properly denied the motion for a new trial as originally made and as supplemented. It is true that in [2] denying the motion for a new trial the court clearly indicated that it could not consider the "supplemental motion"; however, in our opinion a wrong reason for a correct conclusion will not invalidate an order either granting or refusing a new trial. (*Ebaugh* v. *Burns,* 65 Mont. 15, 210 Pac. 892.)

The granting of a new trial, or the denial thereof because [3] of newly discovered evidence, rests largely in the discretion of the trial court. And where the new evidence is largely cumulative in effect this court will not interfere with the action taken by the district court. (*Orton* v. *Bender,* 43 Mont. 263, 115 Pac. 406.) A new trial will not be granted on the ground of newly discovered evidence where it appears that a witness who testified in the case failed to state all he knew, either through forgetfulness or unfamiliarity of his counsel of facts within the knowledge of the witness. (*Gregg* v.

*Kommers*, 22 Mont. 511, 57 Pac. 92.) And for more cogent reasons a new trial should be denied where, as here, it appears that the witness who testified on the trial merely evinces a change of heart and a consequent desire to change his testimony so as to excuse the defendants. To permit such practices would not only encourage perjury but constitute a trifling with courts of justice.

2. No useful purpose would be subserved by an extended review of the evidence. Suffice it to say that the evidence introduced on behalf of the state shows that the animal in question belonged to David Bell and that it was branded by the defendants without his knowledge or consent and with the intent to deprive and defraud him of his property on or about the sixth day of August, 1925. Both of the defendants took part in the branding of the animal and proof of this fact, together with evidence of other similar offenses committed by them, properly received upon the trial (*State* v. *Hughes, supra*), was sufficient to justify the verdict and uphold the judgment. David Bell denied that he had sold the animal to either of the defendants prior to their arrest, and from the evidence it appears that after the defendants had been arrested for grand larceny, and while they were held in the county jail at Hardin, on August 8, 1925, they negotiated for the purchase of the animal in question from the witness David Bell, and had him execute a bill of sale therefor upon payment to him of the sum of forty dollars. It clearly appears that this was an afterthought on the part of the defendants. They seemed to think that by making payment for the animal and obtaining a bill of sale they would be able to clear themselves of the charge. The evidence is ample upon which to support the verdict and judgment.

For the reasons stated the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK and MATTHEWS concur.

Rehearing denied January 11, 1927.