STATE, RESPONDENT, *v.* KNOX, APPELLANT.

No. 8637

Submitted September 26, 1946. Decided December 23, 1946.

175 Pac. (2d) 774

Mr. George W. Farr, of Miles City, for appellant.

Mr. R. V. Bottomly, Atty. Gen., Mr. Clarence Hanley, Asst. Atty. Gen., Mr. J. J. McIntosh, County Atty., and Mr. F. F. Haynes, Special Counsel, both of Forsyth, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

Defendant was convicted of the crime of grand larceny and sentenced to serve a term of one year in the state prison. His motion for a new trial was denied and he appealed from the judgment. He was accused by the information of the larceny of an unbranded bull calf, belonging to Ben Arnold. The larceny was alleged to have been committed on or about May 1, 1944. Over his objection, the state was permitted to introduce evidence of other alleged offenses. Evidence of such other alleged offenses of which he complains was evidence tending to show that on or about September 1, 1944, he stole an unbranded calf following a cow branded ''36-bar'' belonging to the 20 Ranch Company which was made up of John A. and Nettie B. Perry, and that about September 1, 1944, he stole a sorrel stud owned by George McGillvray. When this evidence was received the court admonished the jury that it should be considered solely for the purpose of showing intent regarding the crime charged. Defendant contends that evidence of the other alleged offenses was inadmissible because too remote in point of time and that such evidence had to do with unrelated crimes having no connection with the crime charged and having no tendency to prove any of the issues involved in the crime charged.

This court is committed to the rule that proof of other like offenses is admissible in order to show guilty knowledge, motive or intent on the part of the accused and in negation

of the likelihood that the crime was committed as a result of inadvertence, accident or mistake. State v. Hughes, 76 Mont. 421, 246 Pac. 959; State v. Simanton, 100 Mont. 292, 49 Pac. (2d) 981.

We fail to see how the evidence of other alleged offenses introduced in this case as having been committed on September 1, 1944, had anything to do with proving any of the elements of the offense alleged to have been committed on or about May 1, 1944. The crimes were in no way related or connected. They were wholly separate and independent offenses.

"The general rule is, that when a man is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that, under ordinary circumstances, proof of his guilt of one or a score of other offenses in his lifetime, wholly unconnected with that for which he is put upon his trial, must be excluded. It is deemed to be not proper to raise a presumption of guilt, on the ground that, having committed one crime, the depravity it exhibits makes it likely he would commit another. It may be easier to believe a person guilty of one crime if it is known that he has committed another of a similar character, or indeed, of any character; but the injustice of such a rule in courts of justice is apparent. It might lead to convictions, upon the particular charge made, by proof of other acts in no way connected with it, and to uniting evidence of several offenses to produce conviction for a single one. Again, evidence of other crimes compels the defendant to meet charges of which the indictment gives him no information, confuses him in his defense, raises a variety of issues, and thus diverts the attention of the jury from the one immediately before it, and, by showing the defendant to have been a knave on other occasion, creates a prejudice which may cause injustice to be done him. According to a broader rule, in all cases, civil or criminal, the evidence must be confined to the point in issue; and it is said that in criminal cases the necessity is even stronger than in civil cases of strictly enforcing the rule, for where a prisoner

is charged with an offense, it is of the utmost importance to him that the facts laid before the jury should consist exclusively of the transaction which forms the subject of the indictment and matters relating thereto, which, alone, he can be expected to come prepared to answer.'' (8 R. C. L. 198.) To the same general effect is 20 Am. Jur., ''Evidence,'' sections 309 et seq.

And again, on page 200 of 8 R. C. L. it is said: ''Thus for the purpose of proving a defendant guilty of the larceny of one article it is proper to prove that he stole other articles on the same expedition, but it is not proper to prove what he stole on an independent expedition.''

As above noted, the court stated to the jury that this evidence was admitted solely for the purpose of showing intent as to the charge covered in the information. We fail to see how the evidence relating to these subsequent offenses would shed any light on the defendant's intent at the time he branded the calf covered by the information, any more than would any proof offered by the defendant that at or about the time he branded the bull calf referred to in the information, he branded 50 other calves belonging to him, be any evidence in his favor showing the absence of intent to steal.

While ''Evidence covering the commission of other offenses is admissible where two or more crimes are so linked together in point of time or circumstances that one cannot be fully shown without proving the other,'' (20 Am. Jur. 290, 291) yet such is not the fact where the animals alleged to have been stolen in September, 1944, belonged to different parties, were taken from a different place and on a different expedition than the one referred to in the information.

We point out that in this case proof on the question of intent to steal simmered down to evidence bearing upon the ownership or bona fide belief in ownership of the calf described in the information. Defendant admitted that he took the calf and branded him and that he did so intentionally and deliberately. He claimed to be the owner of the calf described

in the information. Proof surrounding the taking of those on September 1, 1944, did not and could not aid the jury in determining the ownership or defendant's honest belief in ownership of the calf alleged to have been stolen in May, 1944. ·Had Mr. Arnold brought civil action in conversion against this defendant he could not have proven his ownership of the calf by evidence relating to what took place on September 1, 1944, concerning the calf and stud belonging to others.

We hold that the court erred in admitting the evidence complained of. In fairness to the trial judge, it should be stated, however, that expressions by this court in prior cases, particularly in State v. Simanton, supra, and State v. Simpson, 109 Mont. 198, 95 Pac. (2d) 761, tend to warrant the admission of evidence of other alleged offenses. However, we think those cases have stated too broad a rule in the reception of evidence of other alleged offenses and in so far as such cases are inconsistent with this opinion, they are overruled.

Other questions raised in the briefs require no consideration since it is unlikely that any· of them will arise in the same manner on another trial.

The judgment is reversed and the cause is . remanded with directions to grant the defendant a new trial.

Mr. Chief Justice Lindquist and Mr. Justice Adair concur.

Mr. Justice Cheadle specially concurring.

I concur in the result reached by the majority, but feel that they have gone too far in limiting the rule of evidence which has been recognized and applied by this court in a large number of cases over a long period of time. I think that the decision in State v. Hughes; 76 Mont. 421, 246 Pac. 959, more closely approaches the correct rule governing the introduction of evidence of other crimes similar to the one charged. Under that decision I believe that the evidence complained of here was not properly admissible. Apparently the trial court was warranted, under the decision in State v. Simanton, 100 Mont. 292, 49 Pac. (2d) 981, in admitting this evidence, under proper instruction as to its purpose. But I also believe that the pro-

nouncement in that case unduly enlarged the scope of the principle, and came close to substituting the exception for the rule excluding evidence of other independent and disconnected offenses.

Mr. Justice Morris (dissenting).

I dissent. The majority admits that this "Court. is committed to the rule that proof of other life offenses is admissible in order to show guilty knowledge, motive or intent on the part of the accused and in negation of the likelihood that the crime was committed as a result of inadvertence, accident or mistake," citing two Montana cases. But, the majority say, "We fail to see how the evidence of other alleged offenses in-. troduced in this case as having been committed on September 1, 1944, had anything to do with proving elements of offense alleged to have been committed on or about May 1, 1944. The crimes are in no way related or connected. They are wholly separate and independent offenses."

There are two or three cases in this jurisdiction that repeat the phrase that express doubt as to advisability of admitting evidence relative to crimes that were not committed about the time the crime of which the defendant was charged was committed but none of these cases is of recent decision.

I can conceive of no reasonable ground where the general reputation for criminal acts should be restricted to such acts as were committed near the date of the crime for which the defendant is charged.

I know of no rule of law that has been more consistently followed in this jurisdiction than that found in State v. Hopkins, 68 Mont. 504, 510, 219 Pac. 1106, 1108, where it is said: "It is the general rule that, upon the trial of one accused of crime, evidence of a distinct and independent offense is not admissible. To enlarge the scope of the inquiry beyond the facts pertinent to the offense for which the accused is being tried would ordinarily subject him to the danger of surprise against which no possible foresight might be able to prepare and no innocence defend. But, if particular facts tend to establish an element of the

offense for which he is being tried, they may be proved and the evidence is not the less relevant because it may disclose or tend to disclose that the accused had committed another crime. In the language of Justice Brewer 'No man can by multiplying crimes diminish the volume of testimony against him.' ''

Among the cases in which that rule has been adhered to are the following: State v. Hall, 45 Mont. 498, 125 Pac. 639; State v. Hill, 46 Mont. 24, 126 Pac. 41; State v. Vinn, 50 Mont. 27, 144 Pac. 773; State v. Gaimos, 53 Mont. 118, 162 Pac. 596; State v. Wyman, 56 Mont. 600, 186 Pac. 1; State v. Pippi, 59 Mont. 116, 195 Pac. 556; State ex rel. Bourquin v. Morris, 67 Mont. 41, 214 Pac. 332; State v. Cassill, 70 Mont. 433, 227 Pac. 49; State v. Cesar, 72 Mont. 252, 232 Pac. 1109; State v. Roop, 73 Mont. 177, 235 Pac. 336; State v. Hughes, 76 Mont. 421, 246 Pac. 959; State v. Ebel, 92 Mont. 413, 15 Pac. (2d) 233; State ex rel. Blankenbaker v. District Court of Eighth Judicial District in and for Chouteau County, 109 Mont. 331, 96 Pac. (2d) 936.

The carefully outlined rule followed in all of the foregoing decisions furnishes ample protection for the innocent, and there is no obligation imposed upon courts to make the path of the transgressor easy.

Supplemental Opinion and Order on Motion for Rehearing.

On motion for rehearing, the state contends that evidence of other alleged offenses was admissible under the general rule announced by this court in State v. Hovland, Mont. 169 Pac. (2d) 341, and other cases, to show the general plan and scheme. That contention is without merit in this case for two reasons: First, by the instructions of the court, such evidence was limited to the single purpose of showing the intent with respect to the taking of the animal charged in the information. Secondly, under the record in this case, the evidence of other alleged offenses was in nowise connected up with the plan or scheme to take the Arnold calf.

The petition for rehearing is denied.

Dated this 4th day of January, 1947.